PER CURIAM.
 

 Jermaine Logan appeals the dismissal of his untimely and successive rule 3.850 motion. We affirm.
 

 On May 3, 2002, the victim, a 69 year-old woman, was waiting at a gas station for service on her car to be completed. Logan, whom the victim had seen standing around, grabbed her purse, knocked her to the ground, and dragged her while pulling on the purse until the purse straps broke. Logan then fled on foot. The victim sustained a dislocated shoulder, broken arm, abrasions to her face, a laceration to her lip, a larger bruise to her hip, and two teeth broken from her dentures. A customer chased after Logan on foot, while service station attendants pursued him by car. Logan was caught by police shortly after the robbery. He was not wearing the shirt or baseball cap he had on during the attack but was found in possession of the victim’s cell phone and $20. The victim’s purse was found in a ditch, along with Logan’s baseball cap. The cap contained DNA that matched Logan’s. The victim identified Logan at a show up, as did the other witnesses. While in jail, Logan wrote the victim a letter and called her house to say he was sorry.
 

 In January 2003, Logan entered a no contest plea to aggravated battery on a person 65 or over and strong arm robbery, as charged in the information. He was sentenced to concurrent terms of thirty years in prison as a habitual felony offender. His conviction and sentence were affirmed on appeal.
 
 Logan v. State,
 
 871 So.2d 893 (Fla. 4th DCA 2004). His previously filed rule 3.850 motion was denied and affirmed on appeal.
 
 Logan v. State,
 
 945 So.2d 522 (Fla. 4th DCA 2006). Also, his rule 3.800(a) motion alleging multiple claims of an illegal sentence was denied and affirmed on appeal.
 
 Logan v. State,
 
 979 So.2d 237 (Fla. 4th DCA 2008).
 

 In June 2008, Logan filed the instant motion contending that the trial court lacked subject matter jurisdiction because the information was invalid. Logan alleged that the prosecutor who signed the information committed perjury because he stated under oath that he had received sworn testimony from material witnesses.
 
 See
 
 Fla. R.Crim. P. 3.140(g). Logan contended that this statement was false and that this invalidated the information. He asserted that he was not given sufficient notice of the charges, that the crime did not exist, and raised other related claims.
 

 The trial court dismissed the motion in this case on procedural grounds. We affirm, because the motion was untimely, successive, and a clear abuse of procedure. Fla. R.Crim. P. 3.850(b); Fla. R.Crim. P. 3.850(f). Logan’s arguments regarding a purported deficiency in the information are frivolous.
 

 Rule 3.140(g) provides that no objection to an information on the ground it is not signed or verified can be entertained “after the defendant pleads to the merits.” Further, Rule 3.140(o) provides:
 

 (o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or
 
 for any cause whatsoever,
 
 unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or
 
 *1255
 
 acquittal to substantial danger of a new prosecution for the same offense.
 

 Id.
 
 (emphasis supplied). The prosecutor’s alleged failure to have received sworn testimony from witnesses before filing the information in this case is wholly speculative and cannot be raised once a defendant has entered a plea to the merits of the charge. Such a claim is not grounds for postconviction relief.
 

 Affirmed.
 

 GROSS, C.J., FARMER and TAYLOR, JJ., concur.