JACOBUS, J.
 

 The Appellant appeals the summary denial of his rule 3.850 motion.
 
 [1]
 
 We affirm, albeit not for the reason given by the lower court. The Appellant was charged initially with four counts of capital sexual battery. Pursuant to a plea agreement, the State filed an amended information reducing the charges to three counts of attempted sexual battery. The scoresheet for the amended information, including points for sexual penetration, provided that the minimum permissible prison sentence was 25.087 years. The Appellant signed a waiver of rights and a plea agreement in which he agreed to a 25-year sentence for the first two counts, followed by 10 years’ sex offender probation for the third count, in exchange for his no contest plea. However, the court’s order accepting the agreement reflects that 25 years was crossed out and 25.075 years was written in. The Appellant was sentenced in accordance with the agreement on June 20, 2003. He did not appeal, and his judgment and sentence became final on Monday, July 21, 2003. As a result, the Appellant had until July 21, 2005, to file a timely rule 3.850 motion.
 
 See
 
 Fla. R.Crim. P. 3.850(b).
 

 The rule 3.850 motion that is the subject of this appeal was filed on August 20, 2009, and was dismissed by the trial court as untimely. Since the grounds raised in the motion claimed lack of subject matter jurisdiction by the court and newly discovered evidence, the motion was not per se untimely.
 
 See id.
 
 We therefore address the merits of Appellant’s two post conviction claims.
 

 First, the Appellant claims the court lacked subject matter jurisdiction in that the information was filed by the State without first obtaining a sworn statement from a material witness in the case. This claim, as raised by the Appellant, is without merit because “no objection to an information on the ground that it is not signed or verified can be entertained ‘after the defendant pleads to the merits.’ ”
 
 Logan v. State,
 
 1 So.3d 1253 (Fla. 4th DCA 2009) (quoting rule 3.140(g)).
 
 [2]
 

 The Appellant’s second point in his rule 3.850 motion is that he has found newly discovered evidence. His assertion is based on the fact that he successfully filed a rule 3.800(a) motion,
 
 [3]
 
 which resulted in a recalculation of his scoresheet that lowered the minimum sentence to 15.3688 years. The Appellant argues that this is newly discovered evidence and that he would not have pled to the 25-year sentence had he known the minimum sentence was substantially lower. Again, this argument is without merit. The Appellant does not allege, nor can he demonstrate, that he could not have discovered the error in the scoresheet within the two-year period in which to file a timely rule 3.850 motion.
 
 See Coppola v. State,
 
 938 So.2d 507, 511 (Fla.2006) (explaining that a newly discovered fact for purposes of rule 3.850(b)(1) is “evidence that tends to prove or disprove guilt or innocence”). In the context of this case, that issue is therefore untimely. Accordingly, the summary denial of these claims was warranted, and we
 
 *1277
 
 affirm on “tipsy coachman” grounds.
 
 See Sullivan v. State,
 
 913 So.2d 762 (Fla. 5th DCA 2005).
 

 AFFIRMED.
 

 ORFINGER and TORPY, JJ„ concur.
 

 [1]
 

 . Fla. R.Crim. P. 3.850.
 

 [2]
 

 . Fla. R.Crim. P. 3.140(g).
 

 [3]
 

 .Fla. R.Crim. P. 3.800(a).