KHOUZAM, Judge.
 

 Vincent Bilotti appeals the orders denying his motion for postconviction relief. We reverse the summary denial of relief as to one claim. In all other respects, we affirm.
 

 Bilotti filed a pro se motion for postcon-viction relief pursuant to Florida Rule of Criminal Procedure 3.850 in which he raised numerous claims of ineffective assistance of trial counsel. Although the motion was not a model of clarity, the post-conviction court identified eleven separate grounds of ineffective assistance of counsel. Several of the grounds were either summarily denied or dismissed, and the remaining grounds were denied following an evidentiary hearing. Bilotti’s appellate counsel challenges only the summary denial of relief on ground eleven. He argues that this claim was facially sufficient and that the postconviction court failed to attach any portions of the record that conclusively refuted the claim. The State concedes error with respect to a portion of the claim raised in ground eleven.
 

 The postconvietion claim at issue related to Bilotti’s conviction for burglary of a dwelling. The postconviction court narrowly read Bilotti’s claim to be that trial counsel failed to argue Bilotti’s intent to commit the burglary. The postconviction court summarily denied relief reasoning that the State had the burden to establish the essential elements of the offense and that defense counsel, thus, was not required to argue intent. The postconviction court added that such an argument by defense counsel would have helped the State to convict Bilotti. To this extent, the postconviction court’s summary denial of relief was correct. However, Bilotti argues, and the State agrees, that ground eleven included additional assertions that could be read as a claim that Bilotti’s attorney was ineffective in failing to attack the lack of evidence of Bilotti’s intent to commit an offense once he entered the victim’s residence.
 

 Generally, in order to prove burglary of a dwelling, there must be evidence to support a finding that the defendant entered or remained in a dwelling
 
 with the intent to commit an offense therein. See
 
 § 810.02, Fla. Stat. (2002)
 
 [1]
 
 (emphasis added).
 
 See also Davis v. State,
 
 736 So.2d 27, 27-28 (Fla. 4th DCA 1999) (addressing essential elements of the offense in the context of jury instructions for attempted burglary). Bilotti may be entitled to post-conviction relief if the evidence presented at his trial did not support the foregoing finding and if such a deficiency went unchallenged by trial counsel. The State acknowledges that in summarily denying relief, the postconviction court did not address this aspect of Bilotti’s claim and it did not attach any portions of the record that would refute the claim. The State concedes that this matter must be reversed and remanded as to this aspect of Bilotti’s claim.
 

 
 *800
 
 Accordingly, we reverse the portion of the order summarily denying relief on this facet of Bilotti’s claim, and we remand this matter to the postconviction court with directions to attach portions of the record that conclusively refute this claim or to schedule an evidentiary hearing. Additionally, we note that in counsel’s appellate brief there are no assertions of any error as to the denial of Bilotti’s remaining grounds. The State, in its answer brief, argues that any error as to the postconviction court’s rulings on the remaining grounds has been waived because Bilotti has not challenged those rulings in this appeal. Bilotti’s appellate counsel did not reply to the State’s additional argument or seek to file a supplemental brief to address any purported error in regard to Bilotti’s remaining grounds. Because Bilotti asserts no error as to those grounds, we agree that he abandoned and waived any claim of error relating to those grounds. We thus affirm the orders in all other respects.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 KELLY and VILLANO!, JJ., Concur.
 

 [1]
 

 . The incident that led to this conviction occurred on November 3, 2002.