EMAS, J.
Appellant, Dominick Harris, appeals the trial court’s summary denial of his rule 3.850 motion for postconviction relief, which is based upon a claim of newly-discovered evidence. We reverse.
In 1996, Harris was charged with armed kidnapping, sexual battery, armed robbery, and armed carjacking. Following a trial in 1997, Harris was convicted of those charges and sentenced to life in prison. His convictions and sentences were affirmed per curiam on direct appeal. See Harris v. State, 709 So.2d 650 (Fla. 3d DCA 1998). Harris thereafter filed several postconviction motions attacking his convictions and sentences. Those previous motions were denied and affirmed on appeal.
On December 29, 2011, Harris filed the instant motion for postconviction relief, alleging newly-discovered evidence. In his motion, Harris alleged that a previously unknown witness, Wilbert Pace, had come forward and provided an affidavit containing information that, Harris contended, would probably produce an acquittal at a new trial. Harris alleged that neither he nor his counsel knew of this newly-discovered evidence nor could have known of it in the exercise of diligence.[1] Attached to the motion was Pace’s two-page affidavit, signed and sworn to in December 2011, setting forth Pace’s knowledge of, and involvement in, the events which occurred more than fifteen years earlier.
The trial court denied the motion without an evidentiary hearing, adopting the State’s argument that “the handwritten notarized statement [of Pace] may be newly produced, but the information contained therein, even if true, is merely a repeat of the defendant’s trial testimony that was rejected by the jury in 1997.”[2] While it is true that some of Pace’s allegations are corroborative of what Harris himself testified to during his trial, other portions of the affidavit are neither merely corroborative nor cumulative, but raise new and significant issues. In fact, as the State conceded, one portion of Pace’s affidavit identified another individual as the perpetrator of the crime. The State argued that this portion of Pace’s affidavit is not credible. However, there is nothing in the record provided which renders this portion of Pace’s statement inherently incredible, nor did the trial court make such a finding in its order.
The trial court denied the motion on an alternative ground: that this evidence was or should have been known to *46 defendant or his counsel. The trial court bases this conclusion on Pace’s affidavit, in which he claims that, on the evening in question, and at the scene of Harris’ arrest, Pace (together with other witnesses on the scene) spoke with the police, told the police what actually happened, and gave the police his name and address. Pace alleged that “all my info was in the [police] reports and records.” The trial court concluded:
[I]f, as Pace claims in his affidavit, he and other witnesses corroborated Harris’ claim on the evening of his arrest, nothing about this information is new. The police reports, as well as the Witness Lists, disclosed to the defense in pretrial discovery reveal the names of all the witnesses found inside and outside the store when police arrived, including names of the defendant’s friends present when he was identified by the victims and arrested by police. Nowhere is Wilbert Pace’s name found, even though he alleges in his affidavit that he was there providing information and cooperated with police. If, indeed, all this happened as Pace alleges, and if others witnessed it, too, the defendant and his counsel knew or should have known of it or of the existence of any alleged notes detailing their interactions.
However, there is nothing in the record provided to this Court that reflects that Pace’s name, address, observations or statements were in fact provided to defense counsel in discovery, and the State in its response to Harris’s motion appears to concede as much. Moreover, Harris has alleged that neither he nor his attorney knew of Pace’s existence (or the substance of his testimony) prior to trial. The State did not provide, and the trial court did not attach, any record evidence that that this information was disclosed in discovery or included in any police reports. While this exposes a clear discrepancy and may well impact the credibility of Pace’s proffered testimony (and therefore the quality of his alleged exculpatory evidence), such determinations are ordinarily made following an evidentiary hearing.
Absent a record that conclusively refutes the allegations in the affidavit,[3] or a finding that the newly-discovered evidence is inherently incredible, an evidentiary hearing generally will be required to resolve claims of newly-discovered evidence, especially when resolution of those claims necessarily requires the trial court to make credibility determinations. See, e.g., McLin v. State, 827 So.2d 948, 955-57 (Fla.2002); Jones v. State, 591 So.2d 911, 916 (Fla.1991).
*47 We therefore reverse and remand this cause to the trial court for an order which, together with record attachments, shows conclusively that Harris is entitled to no relief, or for a further evidentiary hearing.[4] We express no opinion on the ultimate merits of Harris’ motion, or the veracity of the purported newly-discovered evidence.
Reversed and remanded for proceedings consistent with this opinion.
SALTER, J., concurs.

. To qualify as newly-discovered evidence, the asserted facts "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.” Jones v. State, 591 So.2d911, 916 (Fla. 1991). Tobe entitled to relief on such a claim, "the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.” Id. at 915.

. After Harris was arrested and placed in the police car, police discovered Harris tried to hide a pair of earrings that were taken from the victim during the armed robbery. At trial, Harris testified he had just bought the earrings on the street from an unidentified man. Although Pace's affidavit includes allegations which would corroborate Harris' testimony (Pace alleges that he observed Harris buying the earrings) there are additional allegations which, on their face, identify someone other than Harris as the perpetrator of the crimes for which Harris was convicted.

. While the trial court's order did cite several small excerpts from the trial record, those excerpts do not conclusively refute the allegations in the motion and affidavit. See Fla. R. App. P. 9.141(b)(2)(D) (providing "[o]n appeal from the [summary] denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evi-dentiary hearing or other appropriate relief”). In this vein, the instant case is distinguishable from our recent decision in John v. State, 98 So.3d 1257 (Fla. 3d DCA 2012), cited by the dissent. In John, we recognized that motions for postconviction relief must be evaluated on a case-by-case basis and that, although ordinarily an evidentiary hearing is required on a properly pled claim of newly-discovered evidence, an evidentiary hearing is not required in every case. Given the "unique circumstances” described in John, we found no abuse of discretion in the trial court’s summary denial order based upon its "extensive analysis of the record, including specific portions of the trial testimony of the victims and other witnesses, and an evaluation of Gabriel John’s affidavit. The order discusses, refers to and attaches more than 500 pages of record excerpts it evaluated and relied upon in its denial of the motion without an evidentiary hearing.” Slip op. at 3.

. In light of the requirement that the newly-discovered evidence must have been unknown by defendant or his counsel at the time of trial, and could not have been known by the use of diligence, see Jones; 591 So.2d at 916, and given that this is a central disputed issue, the trial court could conduct a limited eviden-tiary hearing on this preliminary issue before determining whether a full evidentiary hearing on the merits is warranted.