PER CURIAM.
Anthony Jones (“Jones”) appeals from the summary denial of his motion for post-conviction relief alleging newly discovered evidence. Pursuant to Nordelo v. State, 93 So.3d 178 (Fla.2012), we reverse and remand for an evidentiary hearing.
I. FACTUAL AND PROCEDURAL HISTORY
In February 2011, pursuant to Florida Rule of Criminal Procedure 3.850, Jones filed a motion for postconviction relief which raised a single claim i.e., that the proffered testimony of a former co-defendant, Jeffery Gibbs (“Gibbs”), was newly-discovered evidence, and warranted an evi-dentiary hearing and a new trial.
In 2003, Jones and Gibbs were charged as co-defendants with one count of first-degree murder and one count of attempted first-degree murder. Their cases were severed for trial and, in December 2008, Jones’ case proceeded to trial first. Gibbs, acting on the advice of counsel and invoking his Fifth Amendment right, did not testify at Jones’ trial, as he was still awaiting his own trial on the same charges. At Jones’ trial, the State proceeded on the theory that Jones hired and paid Gibbs to commit the crimes. Jones was convicted of both charges; he was sentenced to life in prison on the murder charge and fifteen years on the attempted murder charge. His convictions and sentences were affirmed per curiam on direct appeal. See Jones v. State, 41 So.3d 907 (Fla. 3d DCA 2010) (table decision).
Gibbs went to trial in February 2009 and was found not guilty of the charges.
In January 2011, Gibbs provided Jones with a sworn affidavit in which Gibbs averred, in part: “Jones never asked me to commit the alleged crime, did not pay or promise[] to pay me, nor was involved with me on this offense....” Jones filed a motion for postconviction relief, based upon the affidavit provided by Gibbs.
The trial court denied the motion without an evidentiary hearing. Specifically, the trial court concluded that the affidavit was not newly discovered evidence because it restated the same theory of defense presented by Jones at his trial. Moreover, the trial court stated that even if it were to find the affidavit facially sufficient, the evidence was not of such a nature that it would probably produce an acquittal on retrial.
*90 II. ANALYSIS
Based on the authority of Nordelo, of which the trial court did not have the benefit, we are compelled to reverse and remand for the trial court to conduct an evidentiary hearing on Jones’ motion for postconviction relief, as the motion was clearly legally sufficient. See Barrow v. State, 940 So.2d 1235 (Fla. 5th DCA 2006); Brantley v. State, 912 So.2d 342 (Fla. 3d DCA 2005); Burns v. State, 858 So.2d 1229 (Fla. 1st DCA 2003).
Reversed and remanded for further proceedings consistent herewith.