PER CURIAM.
We summarily affirm the circuit court’s denial of appellant’s petition for writ of habeas corpus which attempted to challenge appellant’s 1993 conviction in the underlying case. The postconviction challenge was untimely, successive, and procedurally barred. A petition for writ of habeas corpus may not be used as a substitute for a Florida Rule of Criminal Procedure 3.850 motion. Baker v. State, 878 So.2d 1236, 1241 (Fla.2004). Appellant has initiated numerous untimely and meritless postconviction challenges and appeals in this court. Appellant’s claim that the indictment was deficient is frivolous. See Logan v. State, 1 So.3d 1253, 1254-55 (Fla. 4th DCA 2009); Fla. R.Crim. P. 3.140(o).
The clerk is directed to send a certified copy of this opinion to the appropriate *473 institution for disciplinary procedures. § 944.279(1), Fla. Stat. (2012). Appellant is cautioned that any further frivolous or malicious filing will result in this court imposing the sanction of no longer accepting his pro se filings. State v. Spencer, 751 So.2d 47 (Fla.1999).

Affirmed. Appellant referred to prison officials.

GROSS, TAYLOR and GERBER, JJ„ concur.