PER CURIAM.
We affirm the trial court’s summary denial of appellant’s untimely, successive, and frivolous postconviction challenge. Appellant filed a petition for writ of habeas corpus in the trial court attempting to challenge his March 1999 conviction for robbery.
A petition for writ of habeas corpus may not be used as substitute for a Rule 3.850 motion. See Fla. R.Crim. P. 3.850(0; Baker v. State, 878 So.2d 1236, 1241 (Fla.2004). A postconviction motion would be untimely and successive in this case as petitioner *1048 has already filed numerous postconvietion challenges and appeals. Appellant has now initiated fifteen cases in this court.
Appellant claims that the trial court lacked jurisdiction because the prosecutor had allegedly not received sworn testimony from a material witness before filing the information. This claim is frivolous. Norman v. State, 110 So.3d 472, 472 (Fla. 4th DCA 2013); Sears v. State, — So.3d -(Fla. 4th DCA 2013); Collins v. State, 97 So.3d 305 (Fla. 4th DCA 2012); Logan v. State, 1 So.3d 1253, 1254 (Fla. 4th DCA 2009); Logan v. State, 21 So.3d 917 (Fla. 4th DCA 2009).
The clerk is directed to send a certified copy of this opinion to the appropriate institution for disciplinary procedures. § 944.279(1), Fla. Stat. (2012). Appellant is cautioned that any further frivolous or malicious filing will result in this court imposing the sanction of no longer accepting his pro se filings. State v. Spencer, 751 So.2d 47 (Fla.1999).

Affirmed; Appellant referred to prison officials.

STEVENSON, DAMOORGIAN and LEVINE, JJ., concur.