# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1990
Lower Tribunal No. 05-39150
_____


**Tajhon Wilson,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Tajhon Wilson, in proper person.

Pamela Jo Bondi, Attorney General, and Shayne Burnham, Assistant Attorney General, for appellee.


Before SHEPHERD, LAGOA and EMAS, JJ.

EMAS, J.

Tajhon Wilson appeals the trial court's order summarily denying his motion for postconviction relief based upon newly-discovered evidence. For the reasons that follow, we reverse and remand for further proceedings.

Wilson was charged with and convicted of armed robbery of a store clerk at an adult video store on September 19, 2005. He was sentenced to life imprisonment, and his conviction and sentence were affirmed on direct appeal in 2008.

In May of 2015, Wilson filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, asserting there was newly-discovered evidence in his case. Wilson set forth the newly-discovered evidence (an August 27, 2014 affidavit from an alleged eyewitness/victim named Fernando Cantres, Jr., who avers that Wilson was not the person who committed the armed robbery), and Wilson asserted that neither he nor his counsel were aware of the existence of Cantres or this evidence, and could not have learned of it in the exercise of due diligence.

The State argued, and the trial court agreed, that the evidence was not newly discovered, that the claim was therefore time barred under rule 3.850, and that the motion was also successive. The trial court's determinations were erroneous.

As to successiveness, although Wilson had previously filed one or more motions for postconviction relief under rule 3.850, there were no record

2

attachments to support the trial court's conclusion that Wilson had raised a claim of newly-discovered evidence in any of his prior motions. On appeal, the State properly concedes this, but maintains that this court should nevertheless affirm on the basis that the affidavit and its contents do not constitute newly-discovered evidence.

The sworn averments in Fernando Cantres' affidavit can be summarized as follows:

Cantres was in the adult video store at the time of the armed robbery on September 19, 2005. Cantres saw a black male come into the store, and describes the man as six feet tall, 165 pounds and wearing a black skully hat, black shirt, and camouflage shorts. Cantres then describes the robbery that ensued:

> [T]he black male pulled out a silver 9mm handgun demanding all of the money in the register and the safe from the store clerk, then swung around to me with the gun in my face demanding my wallet and money that was in my pockets. Before the robber left us in the store, I specifically noticed a huge birth mark on the right side of his face and that he had big gapped buck teeth. . . .

Cantres further avers that, within five minutes of the robbery, police arrived and secured the scene; that Cantres spoke with one of the responding officers and described what took place; and that Cantres later met with the lead investigator, Detective Michael Jones. Cantres described the robbery to Detective Jones and,

3

thereafter, Cantres, the store clerk and Detective Jones together reviewed the store surveillance tape in an effort to identify the robber.

Cantres avers that Detective Jones never again contacted him, and that Cantres was never asked to identify Wilson as the perpetrator. Cantres avers that Tajhon Wilson is not the person who robbed him and the store clerk on September 19, 2005.

The State argued below (and here on appeal) that, based upon the content of the witness' affidavit, Wilson or his counsel either knew of this evidence or, in the exercise of due diligence, should have known of this evidence. Given Cantres' averment that he was at the scene, was a victim of the robbery, and spoke with the lead detective, the State concludes that Wilson and his counsel must have been aware of the existence of this witness at the time of the trial.

However, there is nothing in the record to support the State's assertion that Wilson knew or should have known of the existence of Cantres. For example, neither the State in its response to the motion, nor the trial court in its order, attached a copy of any police report indicating that Cantres was an eyewitness or victim, that Cantres was interviewed by police, or that Cantres gave a statement of what he observed and a description of the person who committed the crime. The trial court did not attach a copy of any witness list which included Cantres' name or other discovery indicating the existence (much less the name and address) of an

eyewitness or second victim who was present in the video store at the time of the robbery of the store clerk. The trial court did not attach deposition excerpts or any other document which indicated that a second person was present during, or a victim of, the robbery.

In short, there is nothing in the record provided that conclusively establishes that Defendant or his counsel either knew of Cantres or in the exercise of due diligence should have known of the witness. See Harris v. State, 128 So. 3d 44 (Fla. 3d DCA 2012). Because this is an appeal from a summary denial of the motion, we must accept the well-pleaded allegations in the motion and the affidavit as true. See Fla. R. App. P. 9.141(b)(2)(D) (providing "[o]n appeal from the [summary] denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief"); Franqui v. State, 59 So. 3d 82 (Fla. 2011) (in reviewing a summary denial of a postconviction motion under rule 3.850, the appellate court must accept all well-pleaded factual allegations as true to the extent they are not conclusively refuted by the record). In light of this, and in the absence of any record attachments that conclusively establish that Defendant or his counsel either knew of this evidence or should have known of this evidence in the exercise of due diligence, the trial court erred in its summary denial of the motion.

We therefore reverse and remand for an evidentiary hearing[1] or for the entry of an order with attachments that conclusively establish Defendant is not entitled to relief.

Because we are reversing and remanding this cause for further proceedings, we address an additional argument made by the State, to avoid having to address it should this case return to us anew. The State posits in its brief that the affidavit and proffered testimony of this witness cannot be newly discovered because it "merely corroborates what the Appellant claims he already knew, that he did not commit the robbery and was actually innocent." This argument is without merit and misapprehends the concept of newly-discovered evidence. The mere fact that Wilson "knew" at the time of trial that he was not the person who committed the crime and that someone else committed it, does not mean that the discovery of a previously-unknown witness whose testimony can establish such a proposition cannot be considered "newly-discovered." For example, a witness who at trial identified the defendant as the perpetrator but who later recants that trial testimony (and acknowledges that the defendant was not the perpetrator) can qualify as

---

[1] In light of the requirement that the newly-discovered evidence must have been unknown by defendant or his counsel at the time of trial, and could not have been discovered through the exercise of due diligence, see Jones v. State, 591 So. 2d 911, 916 (Fla. 1991), and given that this is a central disputed issue, the trial court could conduct a limited evidentiary hearing on this preliminary issue before determining whether a full evidentiary hearing on the merits is warranted.

6

"newly-discovered evidence" as against the State's argument that it is not newly-discovered because the defendant "knew" at the time of trial that the witness' testimony was false or mistaken. As the Florida Supreme Court noted in Archer v. State, 934 So. 2d 1187, 1194 (Fla. 2006):

> We find that a recantation is not precluded from being considered newly discovered evidence simply because the defendant knew, as reflected by what the defendant claimed the facts to be, that the recanting witness was not telling the truth at the time of the trial or because the defendant took the stand to testify contrary to the witness. See Burns v. State, 858 So.2d 1229 (Fla. 1st DCA 2003); Lee v. State, 677 So.2d 312 (Fla. 1st DCA 1996). The appropriate question was whether Archer was or should have been aware of the existence of evidence that would demonstrate that [the recanting witness' trial] testimony was false.

It is not Wilson's knowledge that he did not commit the crime that must be newly-discovered. Surely if this were the case, there would rarely be such a thing as newly-discovered evidence, as a defendant who proclaims his innocence necessarily "knows" that he did not commit the crime and (assuming a crime was in fact committed) that it was committed by someone else. Rather, it is the discovery of the *existence of admissible evidence demonstrating* that Wilson was not the person who committed the crime that renders such evidence "newly-discovered" and permits him to assert this evidence in support of a motion for relief under rule 3.850. Archer, 934 So. 2d at 1194. See also Nordelo v. State, 93 So. 3d 178, 185 (Fla. 2012) (holding fact that defendant "knew" of existence of co-defendant did not mean co-defendant's subsequent affidavit—exculpating

7

defendant—could not be considered newly-discovered evidence); <u>Jones v. State</u>,

106 So. 3d 88 (Fla. 3d DCA 2013); <u>Harris</u>, 128 So. 3d at 46.

Reversed and remanded for proceedings consistent with this opinion.