NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VICTORINO CATI,                          )
                                         )
              Appellant,                 )
                                         )
v.                                       )      Case No. 2D13-2039
                                         )
STATE OF FLORIDA,                        )
                                         )
              Appellee.                  )
                                         )
_____  )

Opinion filed May 11, 2016.

Appeal from the Circuit Court for Hardee
County; Marcus J. Ezelle, Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa,
for Appellee.


SALARIO, Judge.

          Victorino Cati appeals a final order denying his motion for postconviction

relief filed pursuant to Florida Rule of Criminal Procedure 3.850 after an evidentiary

hearing on some claims.  On appeal, he has abandoned all claims in that motion save

one: a claim seeking a new trial based on newly discovered evidence, which was summarily denied by the trial court. Based in part on the State's proper concession of error, we reverse and remand for further consideration of that claim. As to the balance, we affirm without additional comment. See Bilotti v. State, 27 So. 3d 798, 800 (Fla. 2d DCA 2010).

The record from the underlying trial in this postconviction proceeding is sparse. Mr. Cati's convictions seem to flow from claims that he kidnapped his family and raped his estranged wife. The episode apparently spanned several days during which the family appeared outside the home and in a vehicle driving around town. Mr. Cati asserts that part of his defense at trial hinged upon neighbors' observations of his wife during the kidnapping to the effect that her presence appeared to be voluntary. In his postconviction motion, Mr. Cati alleged that he had discovered two new witnesses, Carloman Osorio and Betty Jo Cowart, who saw the family's activities in the neighborhood on the days in question and could provide noncumulative, unbiased evidence that would have been likely to produce a different outcome at trial.

Mr. Cati's motion for postconviction relief alleged that Mr. Osorio, another neighbor, saw the wife drive her SUV into the driveway and saw Mr. Cati and another man eventually get in the vehicle with her—at which point she drove away—and that Mr. Osorio would testify to facts showing that the wife initiated contact with Mr. Cati freely. Mr. Cati allegedly did not discover Mr. Osorio's evidence before trial because Mr. Osorio had immigration problems immediately following the alleged kidnapping that resulted in Mr. Cati not learning he was a witness prior to trial. As to Ms. Cowart, who was in the neighborhood on the days in question, Mr. Cati alleged that she provided an

- 2 -

affidavit after his trial stating that she saw the wife voluntarily pick up Mr. Cati and his friend that night, saw the wife return to the house the next day, and saw her and the kids in the yard playing the day after that. Mr. Cati asserted that because his only neighborhood witnesses at trial were friends of his and did not see the exact events observed by Mr. Osorio and Ms. Cowart, the new testimony would have provided a neutral and unbiased account of the facts and would not have been cumulative to the testimony of the other two neighbors.

As it related to Ms. Cowart, the postconviction court held that the motion was untimely because it was not filed within two years of the time her testimony was or could have been discovered. See Fla. R. Crim. P. 3.850(b)(1). The State properly concedes error on that score because Mr. Cati's time for seeking postconviction relief was tolled while he waited for the mandate to issue on his direct appeal of his convictions. Any motion he filed before the mandate on his direct appeal issued would not have been reviewable by the postconviction court at that time, and Mr. Cati's rule 3.850 motion was filed within two years of the date the mandate issued. See Fla. R. Crim. P. 3.850(b); Brigham v. State, 950 So. 2d 1274, 1275 (Fla. 2d DCA 2007) (holding that a judgment and sentence must be final before postconviction review is proper).

With regard to Mr. Osorio, the postconviction court denied the motion based on the State's response, which it adopted without elaboration. The State's response did not, however, demonstrate that the claim was conclusively refuted by the record as would be required to deny it summarily. See Fla. R. Crim. P. 3.850(f)(5). To the extent that the State's response was based on records relating to Mr. Osorio's alleged immigration issues, they were not attached to the order denying the claim, are

not part of the record on appeal, and could not have been used to refute the claim without an evidentiary hearing. See Smalls v. State, 18 So. 3d 606, 608 (Fla. 1st DCA 2009). To the extent the State's response was based on the evidence adduced at trial, the order denying the claim attached only a small portion of the trial record—the brief testimonies of the other two neighborhood witnesses who could not specifically identify the wife as the driver of the vehicle—which fails to provide the full context of the State's case or Mr. Cati's defense. These limited portions of the record do not conclusively refute Mr. Cati's claim that, unlike the other witnesses, Mr. Osorio's testimony would have identified the wife as the driver of the vehicle and shown that she voluntarily initiated contact with Mr. Cati or that it would have been testimony without any perceived bias. The order adopting it thus fails to demonstrate what the State's response asserted—namely, that the testimony of this witness would have been wholly cumulative or not likely to produce an acquittal on retrial. See Harris v. State, 128 So. 3d 44, 46 n.3 (Fla. 3d DCA 2012) (finding insufficient record attachments to summarily deny a newly discovered evidence claim and noting that such a claim cannot be summarily denied unless it is "based upon [the postconviction court's] 'extensive analysis of the record, including specific portions of the trial testimony of the victims and other witnesses, and an evaluation of [the witness's] affidavit,' " giving as an example a case where " '[t]he order discusses, refers to and attaches more than 500 pages of record excerpts [the postconviction court] evaluated and relied upon in its denial of the motion without an evidentiary hearing' " (quoting John v. State, 98 So. 3d 1257 (Fla. 3d DCA 2012))). Accordingly, the summary denial of Mr. Cati's claim as it related to Mr.

Osorio was also erroneous because the record attachments failed to conclusively refute the claim.

For these reasons, we are required to reverse the summary denial of claim one of Mr. Cati's motion for postconviction relief alleging newly discovered evidence. See Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the [summary] denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief."). We note, however, the following: (1) Mr. Cati's motion fails to allege his due diligence; (2) the affidavits included in the appendices to the motion are missing key pages; and (3) the motion does not allege the date that Mr. Cati came into possession of the information provided by Ms. Cowart. See Nordelo v. State, 93 So. 3d 178, 184 (Fla. 2012) ("To prevail on a claim of newly discovered evidence, a movant must show the following: (1) the evidence was unknown to the movant or his counsel and could not have been uncovered by due diligence at the time of trial; and (2) the evidence is such that it would probably produce an acquittal on retrial."). Accordingly, on remand the postconviction court should first consider whether the claim is facially sufficient and, if not, whether Mr. Cati should be granted leave to amend under Spera v. State, 971 So. 2d 754 (Fla. 2007). Otherwise, the postconviction court should address the claim either by attaching to its summary denial portions of the record conclusively refuting it or by holding an evidentiary hearing. See Harris, 128 So. 3d at 47.

Affirmed in part; reversed in part; remanded with instructions.

LaROSE and SLEET, JJ., Concur.