# Third District Court of Appeal

**State of Florida**


Opinion filed May 25, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-0027
Lower Tribunal No. 12-16966B
_____


**Antonio Hernandez Solorio,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Antonio Hernandez Solorio, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SHEPHERD, LAGOA and FERNANDEZ, JJ.

PER CURIAM.

Antonio H. Solorio appeals the trial court's order denying his motion to correct illegal sentence. Because the trial court thoroughly addressed each aspect of Solorio's motion below, we adopt the trial court's order (penned by Circuit Court Judge Milton Hirsch) as the decision of this Court:

### I. Procedural history

Mr. Solorio was charged with drug crimes. On March 5, 2015, he pleaded guilty to all charges and was sentenced to be imprisoned for five years. Mr. Solorio filed a motion to reduce or modify this sentence on April 16, 2005. The court denied that motion in a non-appealable order on May 22, 2015. In that order, the court considered some of Mr. Solorio's claims as if they had been properly raised in a Fla. R. Crim. P. 3.850 motion, *see, e.g., Gill v. State*, 829 So.2d 299, 300 (Fla. 2d DCA 2002) ("Where a movant files a properly pleaded claim but incorrectly styles the post-conviction motion in which it was raised, the trial court must treat the claim as if it had been filed in a properly styled motion"), and denied those claims without prejudice. Mr. Solorio was given until July 31, 2015 to re-file a facially sufficient 3.850 motion. On July 22, 2015, Mr. Solorio filed a motion for extension of time which this court denied. Mr. Solorio now files the instant motion, alleging completely different grounds than those alleged in his prior post-conviction motion.

### II. Unlicensed practice of law

The merits, such as they are, of Mr. Solorio's motion are considered hereinbelow. As a prefatory matter, however, I note that the present motion was penned not by Antonio Solorio, but by Donyeal McCray D.C. # 248624 "as next of friend." Def.'s Motion at 1. The reader of this order will not be surprised to learn that Mr. McCray is neither a licensed member of the Florida Bar nor an alumnus of any accredited law school. He is what is commonly referred to as a "jailhouse lawyer," and will be so referred to in this order. [1]

---

[1] He is also an oft-convicted felon. *See, e.g., State v. McCray*, CRC 13-19597 CF ANO (6th Cir. Fla. 2013); *State v. McCrae*,

It is a poorly-kept secret that many of the *pro se* post-conviction motions filed in this state are, in whole or in part, the work, not of their purported *pro se* authors, but of other inmates who offer their services to their fellow convicts, For the most part, these jailhouse lawyers have the good sense and discretion to do their work anonymously. Not so for Mr. McCray: the motion at bar boldly notes on its cover page that he is its author. Throughout the motion, he refers to Mr. Solorio in the third person.

"The Florida Bar, as an official arm of the court, is charged with the duty of considering, investigating, and seeking the prohibition of ... the unlicensed practice of law and the prosecution of alleged offenders." Rule 10-1.2, Rules Regulating the Florida Bar. No exception is, or should be, made for jailhouse lawyers such as Mr. McCray. The Florida Bar has the power, and the duty, to investigate and punish just this sort of conduct. A copy of the present order is being forwarded to the Florida Bar; I respectfully urge the Bar to treat this as a complaint, *see* Rule 10·5, and to take appropriate corrective action.

III. The substantive claims

In the motion considered herein, Mr. Solorio, with the help of his jailhouse lawyer, raises three grounds for post-conviction relief. Mr. Solorio styles his motion as one to correct sentence pursuant to Fla. R. Crim. P. 3.800(a). The claims raised in Mr. Solorio's motion, however, are not of the kind cognizable under Rule 3.800(a). Rule 3.800 authorizes a court to inquire whether a sentence is illegal. Fla. R. Crim. P. 3.800(a) ("A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet"). In each of his present claims, however, Mr. Solorio contends that his convictions, not his sentences, are illegal. Such claims are properly considered under Rule 3.850.

Mr. Solorio's motion is successive and untimely. He had seventy days from the entry of this court's order dated May 22, 2015, to file a facially sufficient motion. He failed to do so. On those grounds alone his motion is subject to summary dismissal. For my

---

CRC 91-7358 CFANO (6th Cir. Fla. 1991); *State v. McCrae*, CRC 90-18863 CFANO (6th Cir. Fla. 1990); <u>State v. McCrae</u>, CRC 88-14836 CFANO (6th Cir. Fla. 1988).

better correction by the court of appeal, however, I proceed to consider his claims on the merits.

## A. Failure of subject-matter jurisdiction

Mr. Solorio first avers that his sentence was illegal because the State did not properly invoke the Court's subject matter jurisdiction because the assistant state attorney failed to receive sworn testimony before filing the information. Mr. Solorio's first claim is not a proper ground for post-conviction relief. *Logan v. State*, 1 So.3d 1253, 1254 (Fla. 4th DCA 2009) (holding that prosecutor's alleged failure to have received sworn testimony from witnesses before filing the information was wholly speculative and could not be raised by motion once defendant had entered a no contest plea to the merits of the charge, and was not grounds for postconviction relief). The *Logan* court reasoned that Rule 3.140(f) states that "no objection to the indictment on the ground that the statement has not been made shall be entertained after the defendant pleads to the merits." *Id*. (quoting Fla. R. Crim. P. 3.140(f)). Here, Mr. Solorio pleaded guilty to all of the charged crimes. Mr. Solorio's jailhouse lawyer acknowledges that he is well aware of the holdings in *Logan* and other cases holding the same. Def.'s Mot. at 1. In the 15 pages that encompass the Defendant's first claim, he fails to distinguish his case from these holdings. His first claim is accordingly **DENIED**.

## B. Violation of due process

In his second claim, Mr. Solorio contends that his sentence was illegal because the sentence was obtained under color of law and against defendant's right to due process. Def.'s Mot. at 15. He simply states "The facts and circumstances surrounding the instant case proves the Defendant was denied due process of law, but was prosecuted under [c]olor of law, in that the State misused their powers conferred [] upon them by the Constitution and Statute simply because they are clothed with such power to do so." Def.'s Mot. at 16. He further writes that "[t]he State committed perjury shamelessly simply because they are Officers of the Court." What facts and circumstances prove such allegations is more than the reader of Mr. Solorio's motion will ever know. He has failed to assert one fact supporting such allegations. This claim is clearly frivolous and abusive. Mr. Solorio

4

makes a blanket statement regarding the prosecutors of this court but fails to assert any detail as to how these prosecutors exceeded their authority under Florida statutory or constitutional law. He merely states that they did so "because they are clothed to do so." Def.'s Mot at 16. This claim is **DENIED**.

C. The charging document was illegally filed

In Mr. Solorio's third claim he requests relief because the prosecution "illegally filed the information." Mr. Solorio attaches a letter he received from the State Attorney's records department in response to a records request that he and his jailhouse lawyer sent. That records request asked the State Attorney's office to provide the sworn affidavits of the witnesses the assistant state attorney used to prepare the information. *See* Appendix "C'" of Defendant's Motion. The records specialist for the Miami-Dade state attorney's office replied that he could not locate the records requested after a diligent search. *See Id*. Mr. Solorio accuses the assistant state attorney of committing perjury when filing the information because the records specialist could not locate the affidavits of these "witnesses." The fact that the records specialist for the Miami-Dade Office of the State Attorney failed to locate any sworn statements given by material witnesses used to file the information does not mean that these witnesses never existed. It further does not, as Mr. Solorio and his jailhouse lawyer allege, mean that the assistant state attorney committed perjury. Finally, Mr. Solorio forfeited his right to challenge any defect in the information when he pleaded out to the crimes contained in the information. *See Logan, supra*. Thus, Mr. Solorio's third claim is **DENIED**.

(Footnote in original)

Affirmed.