IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THOMAS HARRIS,

      Appellant,

v.                                   Case No.  5D16-375

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 3, 2016

3.850 Appeal from the Circuit
Court for Orange County,
Renee A. Roche, Judge.

Tanya M. Dugree, of
Tanya M. Dugree, P.A.,Tampa,
for Appellant.

No Appearance for Appellee.

EVANDER, J.

      Thomas Harris appeals the summary denial of his motion for post-conviction relief

filed pursuant to Florida Rule of Criminal Procedure 3.850.  We conclude that the trial

court erred in finding one of Harris' claims to be untimely, but otherwise affirm.

      After a jury trial, Harris was convicted in January 2010 of first-degree murder with

a firearm and attempted robbery with a firearm.  This Court affirmed his judgment and

sentence in *Harris v. State*, 65 So. 3d 143 (Fla. 5th DCA 2011), and the mandate was issued on August 1, 2011.

On July 10, 2013, Harris filed his amended motion for post-conviction relief, adding a newly discovered evidence claim. Specifically, Harris alleged that a previously unknown witness, Jason Vargas, had come forward after the trial and would testify that it was Carlos Patterson, not Harris, who was involved in the shooting and attempted robbery of the victim, and that Harris was not at the scene at the time of the shooting. Vargas' affidavit, dated August 26, 2010, was attached to the amended motion.

The trial court accepted the State's argument that the claim was untimely because the amended motion for post-conviction relief was filed more than two years after the date of Vargas' affidavit. We respectfully disagree with the trial court's conclusion.

Florida Rule of Criminal Procedure 3.850(b) provides:

> **(b) Time Limitations**. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that
>
> (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence, or
>
> (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity, or
>
> (3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion. A claim based on this exception shall not be filed more than 2

2

years after the expiration of the time for filing a motion for postconviction relief.

Here, it is undisputed that Harris' amended motion was filed within two years after the judgment and sentence became final. Accordingly, the motion was timely. The exceptions set forth in subsections (b)(1), (2), and (3) serve, in the circumstances enumerated therein, to extend the two year time period set forth in the rule; they do not reduce that time period.

The State's proposed interpretation of the rule could preclude a defendant from pursuing an otherwise valid post-conviction claim under rule 3.850 even where the motion for post-conviction relief was filed the day after the judgment and sentence became final. Consider, for example, if Harris' judgment and sentence had not become final until August 27, 2012. Under the State's argument, Harris would have been unable to seek relief on the instant claim because any motion filed would have been more than two years after the date of Vargas' affidavit.

On remand, the trial court is directed to address this newly discovered evidence claim.

AFFIRMED, in part; REVERSED, in part; REMANDED.

LAMBERT and EDWARDS, JJ., concur.

3