IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THOMAS R. LAMB,

     Appellant,

 v.                                      Case No.  5D16-4266

STATE OF FLORIDA,

     Appellee.
_____/

Opinion filed March 10, 2017

3.850 Appeal from the Circuit Court
for Volusia County,
Raul A. Zambrano, Judge.

Richard S. Jackson, DeLand, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.

LAMBERT, J.

     Thomas Lamb appeals the order dismissing his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief as time-barred. We agree that the motion was untimely, but not for the reasons provided by the postconviction court.

     Following a jury trial, Lamb was convicted of two counts of sexual activity with a child and one count of lewd or lascivious molestation. Lamb appealed his convictions and sentences, and in 2010, this court affirmed. *Lamb v. State*, 39 So. 3d 352 (Fla. 5th

DCA 2010). Lamb then timely filed his first rule 3.850 motion for postconviction relief. In 2014, after an evidentiary hearing, the lower court denied Lamb's motion on the merits, and we affirmed the denial order on appeal. *Lamb v. State*, No. 5D14-806, 2015 WL 4380843 (Fla. 5th DCA July 14, 2015).

Lamb thereafter filed the instant second or successive motion for postconviction relief.[1] In this sworn motion, Lamb asserted eight new grounds for postconviction relief, which he explained were not raised in his first rule 3.850 motion because he "cannot be held to the professional standards of an attorney," and Lamb claimed that the facts contained in this second motion were "newly discovered" by him at the January 8, 2014 evidentiary hearing held on his first motion. In its order summarily dismissing this motion, the postconviction court concluded that because Lamb's judgment and sentences were final in 2010, and the motion was not filed until January 7, 2016,[2] the motion was time-barred because it was not brought within the two-year time requirements of rule 3.850(b). The court did not address Lamb's contention that the grounds raised in this second motion were newly discovered.

Lamb argues on appeal that the lower court erred in summarily dismissing his second rule 3.850 motion without conducting an evidentiary hearing. A postconviction court is required to conduct an evidentiary hearing on a motion for postconviction relief

---

[1] We separately note that rule 3.850(h) permits the filing of a second or successive motion for postconviction relief but also allows a court to summarily dismiss a second or successive motion under certain circumstances. The lower court did not address or analyze Lamb's motion under this subsection.

[2] Lamb's motion was actually filed on November 5, 2015, but it was dismissed as legally insufficient with leave to amend, which Lamb did.

unless the motion and record conclusively demonstrate that the movant is not entitled to the requested relief or the motion or a particular claim is legally insufficient. *Nelson v. State*, 73 So. 3d 77, 84 (Fla. 2011) (citing *Jacobs v. State*, 880 So. 2d 548, 553 (Fla. 2004); Fla. R. Crim. P. 3.850(d)). Additionally, where no evidentiary hearing is held, the defendant's factual allegations in the motion must be accepted as true to the extent that they are not refuted by the record. *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999) (citing *Lightbourne v. Dugger*, 549 So. 2d 1364, 1365 (Fla. 1989)).Florida Rule of Criminal Procedure 3.850(b) provides, in pertinent part:

> **(b) Time Limitations**. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that
>
> (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence . . . .

The exception set forth in subsection (b)(1) extends the two-year time period to file a motion under rule 3.850. *Harris v. State*, 192 So. 3d 685, 687 (Fla. 5th DCA 2016). Moreover, Lamb filed this second motion within two years from the time that he alleged in his motion that he discovered these new facts. Accordingly, the postconviction court erred by not addressing whether Lamb's motion fell within the exception under rule 3.850(b)(1).

We nevertheless affirm the order under review for two reasons. First, the evidence Lamb now relies upon for relief in grounds one, two, and three is not newly discovered.

Second, the facts alleged in the remaining grounds[3] for relief asserted in Lamb's motion do not constitute evidence because the term "fact" under rule 3.850(b)(1) refers to newly discovered evidence "that tends to prove or disprove guilt or innocence." *See Coppola v. State*, 938 So. 2d 507, 511 (Fla. 2006) (citing *Jones v. State*, 591 So. 2d 911, 915 (Fla. 1991) (holding that in order to be entitled to relief under rule 3.850, the defendant must proffer "newly discovered evidence [that is] of such nature that it would *probably* produce an acquittal on retrial")).

In ground one of his motion, Lamb argued that his counsel was ineffective for failing to compel the appearance of a "similar fact" witness at what is commonly referred to as a "*Williams* rule"[4] pretrial hearing to challenge the credibility of this witness so as to allow the court to consider whether the witness should be allowed to testify at trial.[5]  Lamb asserted in ground two that counsel was ineffective for "failing to investigate" the victim and the "similar fact" witness and that, if he had done so, counsel would have discovered that Lamb had previously obtained a restraining order against the victim's mother, the victim had a prior criminal conviction, and that during the periods of time that the State alleged in the information for when the crimes were committed, the victim and the "similar

---

[3] After Lamb filed his pro se motion for postconviction relief, he retained private counsel, who filed a notice of appearance.  Subsequent to the entry of the order now on appeal, counsel filed a motion for reconsideration in the lower court, abandoning ground five of Lamb's motion for "lack of legal merit" and ground eight of the motion for having been specifically addressed in Lamb's first rule 3.850 motion.

[4] *Williams v. State*, 110 So. 2d 654 (Fla. 1959); *see also* § 90.404(2)(a), Fla. Stat. (2008).

[5] The court permitted the "similar fact" witness to testify at trial.

4

fact" witness were not living with Lamb[6] or were otherwise not in Florida.[7]  In ground three, Lamb alleged that his counsel was ineffective for failing to investigate and present an alibi defense, with the "alibi" being that Lamb was actually incarcerated for much of the time when the instant crimes occurred.  Assuming the truthfulness of the factual allegations contained in these three grounds, it is clear from Lamb's motion that this evidence is not newly discovered.  First, as reflected in a partial trial transcript attached as an exhibit to Lamb's motion, Lamb was present at the hearing held on the first day of trial on his counsel's motion in limine to exclude the "similar fact" testimony.  Counsel argued that the prejudicial value of the testimony greatly outweighed any probative value of the evidence.  The prosecutor provided the trial court with a detailed description and comparison as to the similarity of the criminal molestation and sexual activity that Lamb allegedly committed on the victim and on the "similar fact" witness, who are sisters.  Lamb also testified at his trial.  Thus, Lamb was present when the "similar fact" witness was not compelled by his counsel to testify at the "*Williams* rule" hearing and was present when the victim and the "similar fact" witness testified two days later at trial as to their residences and, as to the victim, where and when the instant crimes occurred.[8]  Next,

---

[6] The crimes were alleged to have been committed by Lamb in the home where he was residing with the victim.

[7] Lamb made other allegations in this ground regarding the victim and "similar fact" witness that would not have been admissible evidence at trial.  We decline to address these allegations.

[8] To the extent that Lamb argues that the trial court erred in allowing the "similar fact" witness to testify at trial, any claims of trial court error must be raised on direct appeal, not in a rule 3.850 motion.  *See Hodges v. State*, 885 So. 2d 338, 355 (Fla. 2004) (citing *Harvey v. Dugger*, 656 So. 2d 1253, 1256 (Fla. 1995)).

evidence as to the victim's alleged prior criminal conviction[9] could have been obtained within the two years of Lamb's judgment and sentence becoming final with the exercise of due diligence.[10] Finally, as to the dates that Lamb had previously been incarcerated, when he obtained the restraining order, and when the victim and "similar fact" witness had previously lived with him, this was information personally known by Lamb prior to trial. Therefore, for these various reasons, none of the evidence described in the first three grounds of this second motion was newly discovered. Lamb was required to bring his claims for postconviction relief based on this evidence within two years of his judgment and sentences becoming final, which he failed to do.

In grounds four and six of his motion, Lamb asserted that his counsel was ineffective for not objecting at trial to certain testimony and to alleged improper prosecutorial argument. Accepting these allegations as true, counsel's failure to object or move for a mistrial is not evidence, let alone newly discovered evidence. *See Wilson v. State*, 188 So. 3d 82, 85 (Fla. 3d DCA 2016) ("[I]t is the discovery of the *existence of admissible evidence demonstrating* that [the defendant] was not the person who committed the crime that renders such evidence 'newly-discovered' and permits [the defendant] to assert this evidence in support of a motion for relief under rule 3.850." (citing *Archer v. State*, 934 So. 2d 1187, 1194 (Fla. 2006); *Nordelo v. State*, 93 So. 3d 178, 185 (Fla. 2012); *Jones v. State*, 106 So. 3d 88 (Fla. 3d DCA 2013); *Harris v. State*, 128 So.

---

[9] Lamb alleged that the conviction was for "breaking and entering."

[10] As reflected in Lamb's motion and by the convictions in this case, the victim is a child. We note that if the adjudication occurred when the victim was a minor, section 90.610(1)(b), Florida Statutes (2009), makes evidence of juvenile adjudications inadmissible for impeachment purposes.

3d 44, 46 (Fla. 3d DCA 2012))). Lastly, Lamb's complaint in ground seven is that his trial counsel from the public defender's office did not obtain his "original file" back[11] from a different attorney in the same office who had also represented Lamb in this case, and therefore, trial counsel was not ready for trial and did not prepare a "defense." This is not evidence nor does Lamb explain in this amended second rule 3.850 motion the nature of the defense that his counsel should have presented and makes conclusory allegations that counsel was not prepared. Having previously taken advantage of the opportunity to amend his motion, Lamb's conclusory allegations in this ground are properly summarily denied. *See Spera v. State*, 971 So. 2d 754, 759 (Fla. 2007); *Oquendo v. State*, 2 So. 3d 1001, 1004 (Fla. 4th DCA 2008).

Accordingly, we affirm the summary dismissal of Lamb's present motion as time-barred on "tipsy coachman" grounds. *See Foss v. State*, 24 So. 3d 1275, 1276–77 (Fla. 5th DCA 2009) (affirming order on appeal under the "tipsy coachman" rule because the trial court reached the right conclusion (citing *Sullivan v. State*, 913 So. 2d 762 (Fla. 5th DCA 2005))).

AFFIRMED.

PALMER and BERGER, JJ., concur.

---

[11] Lamb's trial counsel was the first counsel assigned by the public defender's office to represent Lamb in these proceedings. Apparently, different attorneys in the office later represented Lamb before the case was returned to trial counsel.