# Third District Court of Appeal
## State of Florida

Opinion filed May 27, 2026.

_____

No. 3D26-0859
Lower Tribunal No. F05-39150
_____

**Tajhon Wilson,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction — Petition for Belated Appeal.

Tajhon Wilson, in proper person.

James Uthmeier, Attorney General, for respondent.

Before SCALES, C.J., and LINDSEY and GOODEN, JJ.

SCALES, C.J.

Petitioner Tajhon Wilson was convicted in 2008, of armed robbery with a firearm and sentenced to life in prison in lower court case number F05-39150. This Court affirmed Wilson's plenary appeal of his conviction and sentence in Wilson v. State, 18 So. 3d 1262 (Fla. 3d DCA 2009).

Since then, Wilson has filed sixteen unsuccessful petitions and appeals in this Court, frequently alleging ineffective assistance of counsel.[1] This does not include the instant  April 21, 2026  petition that Wilson has labeled "Petition Seeking a Belated Appeal." In this petition, Wilson asserts that he has discovered new evidence that may exonerate him (or lead to a new trial) and that the lawyer who allegedly had agreed to represent him in filing yet another postconviction motion reneged by withdrawing from representation. Wilson asserts that, because the trial court entered a

---

[1] Wilson v. State, No. 3D25-2410, 2026 WL 817442 (Fla. 3d DCA Mar. 25, 2026); Wilson v. State, No. 3D25-2256 (Fla. 3d DCA Nov. 19, 2025) (disposition by order); Wilson v. State, 393 So. 3d 817 (Fla. 3d DCA 2024); Wilson v. State, No. 3D23-2238 (Fla. 3d DCA Dec. 28, 2023) (disposition by order); Wilson v. State, No. 3D23-0619 (Fla. 3d DCA Apr. 6, 2023) (disposition by order); Wilson v. State, 381 So. 3d 1212 (Fla. 3d DCA 2022); Wilson v. State, 381 So. 3d 593 (Fla. 3d DCA 2022); Wilson v. State, 380 So. 3d 1172 (Fla. 3d DCA 2022); Wilson v. State, No. 3D19-0456 (Fla. 3d DCA July 10, 2019); Wilson v. State, No. 3D18-0568 (Fla. 3d DCA May 9, 2018); Wilson v. State, 248 So. 3d 1140 (Fla. 3d DCA 2018); Wilson v. State, 245 So. 3d 722 (Fla. 3d DCA 2017); Wilson v. State, 228 So. 3d 567 (Fla. 3d DCA 2017); Wilson v. State, 188 So. 3d 82 (Fla. 3d DCA 2016) (reversing denial of a rule 3.850 motion for an evidentiary hearing); Wilson v. State, 146 So. 3d 1192 (Fla. 3d DCA 2014); Wilson v. State, 129 So. 3d 1079 (Fla. 3d DCA 2013); Wilson v. State, 109 So. 3d 1170 (Fla. 3d DCA 2013).

September 12, 2018 sanction order prohibiting him from further *pro se* filings, Wilson is stymied from seeking relief in the trial court.

While Florida Rule of Appellate Procedure 9.141(c), under certain circumstances, provides a mechanism for a criminal defendant to file a belated appeal, this rule is inapplicable here. Wilson is not seeking leave to file a belated appeal of a lower court order. Instead, Wilson is asking this Court, in effect, either to (i) lift the trial court's sanction order, or (ii) hear Wilson's successive postconviction motion in the first instance.

This is a cautionary tale for *pro se* litigants about the effect of sanction orders entered pursuant to State v. Spencer, 751 So. 2d 47 (Fla. 1999). The Florida Supreme Court allows courts to enter such orders – prohibiting further *pro se* filings – after the court provides due process and upon a finding that the filing is repetitive or frivolous. Id. at 48.[2]

From a practical perspective, in most cases, such a sanction order entered by the trial court marks the *pro se* litigant's end of the road, not only in the trial court, but also in the appellate court. Florida's appellate courts generally act as reviewing courts, determining whether the trial court, by

---

[2] We note that the Florida Legislature, in 2025, amended Florida's Vexatious Litigant Law, section 68.093 of the Florida Statutes. This law is separate and distinct from a court's inherent authority to prevent abuse of the litigation privilege under Spencer.

entering a particular order, has committed reversible error or departed from the essential requirements of law. See Rosich-Medina v. Chilaud, 426 So. 3d 578, 583 (Fla. 3d DCA 2025) ("As an appellate court, we are constrained from making . . . determinations in the first instance."). Thus, if a *pro se* litigant is prohibited from filing papers in the lower court, the lower court obviously will not be entering written orders adjudicating such filings. Without a lower court order, there's nothing for the appellate court to review. And without a lower court order, there can be no appellate court jurisdiction. Jones v. State, 372 So. 3d 1291, 1291 (Fla. 1st DCA 2023); State v. Maldonado, 156 So. 3d 589, 589 (Fla. 3d DCA 2015).

Such is the case here. Without a written order from the lower court, we lack jurisdiction to grant Wilson any relief. We, therefore, dismiss Wilson's petition for lack of jurisdiction. No motion for rehearing of this order will be permitted.

Petition dismissed.