644 So.2d 122 (1994)
Norman Edward DEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02341.
District Court of Appeal of Florida, Second District.
October 14, 1994.
*123 Bruce J. Kessler, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Acting Chief Judge.
Norman Edward Dean appeals from a summary denial of his motion to correct an illegally imposed sentence. Dean alleged in his motion that he received four consecutive sentences for the crimes of possession of cannabis, possession of drug paraphernalia, receiving and concealing stolen property, and felon in possession of a firearm. These were guideline sentences rather than habitual offender sentences. Dean quotes in his motion from a statement allegedly made by the assistant state attorney concerning the factual basis of the crimes which Dean alleges was provided to the trial court at Dean's sentencing hearing. Dean thereafter argues that the trial court's imposition of multiple consecutive sentences for a single criminal offense was illegal.
Based upon this court's recent decisions, we affirm the trial court's denial of Dean's motion to correct an illegally imposed sentence. This court has stated:
Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process.
Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991), review denied, 613 So.2d 5 (Fla. 1992). Even more recently this court stated:
As a general rule, a postconviction issue that requires an evidentiary hearing must be resolved under rule 3.850. Whether a prisoner's consecutive sentences arise from a single criminal episode is not a pure question of law. Resolution of this issue depends upon factual evidence involving the times, places, and circumstances of the offenses.
Callaway v. State, 642 So.2d 636, 639 (Fla. 2d DCA 1994) (citations omitted).
Based upon the foregoing cases, we affirm the trial court's denial of Dean's motion to correct an illegal sentence. Ordinarily this affirmance would be without prejudice for Dean to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Rule 3.850(b), however, provides that a court shall not consider a motion filed more than two years after the judgment and sentence become final. Dean has alleged that he entered his pleas of guilty to these crimes in 1976. It appears from all the records we have available to us that Dean's judgment and sentences for these crimes have been final for more than two years. Dean, therefore, would be precluded from seeking such relief.
Affirmed.
PATTERSON and ALTENBERND, JJ., concur.