PER CURIAM.
David A. Arroyo appeals the summary denial of his posteonviction motion pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court’s denial as to grounds 1, 2, 3, 4, and 6. However, grounds 5, 7, 8, and 9 are facially sufficient and the trial court failed to attach any record support *920 to its denial of those claims. Therefore, we reverse and remand for record attachments conclusively refuting the issues raised in grounds 5, 7, 8, and 9, or for an evidentiary hearing.
Arroyo states that he was fifteen years old at the time he pleaded guilty as an adult to second degree murder and was sentenced to thirty years in prison with a three-year mandatory minimum. Arroyo alleges that he received ineffective assistance of counsel because counsel failed to pursue a valid Mattered child” defense, based on a psychological evaluation, and coerced Arroyo into accepting the plea bargain by telling him if he did not do so, he would be eighty years old before he left prison. Arroyo’s additional allegations, that he would not have taken the plea bargain and would have proceeded to trial if he had been informed of the correct possible penalties and the viability of the battered child defense, render these claims facially sufficient. Therefore, the trial court erred by failing to include record attachments conclusively refuting these claims in its order summarily denying the motion.
Arroyo further alleges that the trial court failed to consider and inform Arroyo of his rights as a juvenile and failed to follow the proper procedures in accepting his negotiated plea agreement. Before a juvenile’s plea agreement may be accepted by the court, “the court must inform the juvenile of the rights provided by the Legislature under section 39.111 and insure that the juvenile voluntarily, knowingly, and intelligently waives those rights.” Sirmons v. State, 620 So.2d 1249, 1252 (Fla.1993). The record before us does not show that the trial court met these obligations.
Arroyo also alleges that the trial court accepted the plea without a factual basis for the crime to which he pleaded. Because the order does not include any record attachments to refute this claim, this court cannot affirm the summary denial on this ground. Franklin v. State, 645 So.2d 166 (Fla. 4th DCA 1994).
The trial court’s order stating that the court finds a sufficient factual basis to rebut each of Arroyo’s claims is inadequate because no record support for those findings is attached. Upon remand, the court must attach the transcripts or other documents on which it relied to make its findings. If the record does not conclusively rebut each of Arroyo’s claims, the trial court must conduct an evidentiary hearing.
Appellant must seek review of any subsequent order of the trial court within thirty days of its rendition.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., concur.