687 So.2d 292 (1997)
Paul Allen DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03903.
District Court of Appeal of Florida, Second District.
January 17, 1997.
*293 Paul Allen Davis, Vernon, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Paul Allen Davis challenges the order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the order insofar as it rejected Davis's claim of ineffective assistance of trial counsel. We reverse the order insofar as it denied Davis's contention that there was no factual basis to support the charges to which he pleaded.
In his motion for postconviction relief, Davis alleged that his trial counsel was ineffective because she failed to investigate a voluntary intoxication defense. After conducting an evidentiary hearing on this issue, the trial court entered an order finding that this allegation was without merit. Because the record conclusively refutes Davis's claim, we affirm the denial of the motion for postconviction relief on this ground. See Arroyo v. State, 673 So.2d 919 (Fla. 2d DCA 1996).
In a separate order, the trial court noted that the remaining ground in his motion, i.e., that there was no factual basis to support the charges, was not addressed at the evidentiary hearing because the transcripts of the plea colloquy had not been delivered to the court. It ordered the state attorney to respond to the motion within 30 days. Thereafter, the trial court entered an order denying the motion for postconviction relief because it was untimely filed. This was error.
A motion for postconviction relief may be filed within two years after the judgment and sentence become final. Fla. R.Crim.P. 3.850; Dean v. State, 644 So.2d 122 (Fla. 2d DCA 1994), review denied, 654 So.2d 918 (Fla.1995). If the motion is essentially a motion to set aside the plea and no previous appeal has been filed, the judgment and sentence become final when the 30-day period for filing the appeal has expired. Ramos v. State, 658 So.2d 169 (Fla. 3d DCA 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990); Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988).
In the present case, the judgments were filed on April 1, 1991, and the sentences were filed on May 20, 1991. No appeal was filed. Therefore, the judgments and sentences became final on June 19, 1991. The motion for postconviction relief was then timely filed on June 17, 1993, within two years of the date that the judgments and sentences became final. Consequently, the trial court erred in failing to address the merits of Davis's claim that there was no factual basis to support the charges against him. See Arroyo, 673 So.2d 919. Accordingly, we remand for the trial court to consider this ground of the motion.
If the trial court elects to summarily deny the motion, it shall attach such portions of the record which conclusively refute Davis's allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Affirmed in part, reversed in part, and remanded.
FRANK, A.C.J., and PARKER, J., concur.