SHARP, W., J.
Hampton appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 for post-conviction relief. He asserts a claim of ineffective assistance of counsel. The trial court denied his motion on the sole ground that it was untimely because it was not filed within the two year time limit established by the rule. We reverse.
On July 24, 2000, Hampton pled guilty, was sentenced on various charges, and a judgment was rendered. He took no appeal. On August 19, 2002, he filed this rule 3.850 motion.
With regard to time limits, the rule provides:
A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final in a noncapital case .... (emphasis supplied)
Fla. R.Crim. P. 3.850(b). The rule also provides for various exceptions to the two year time limit not applicable here.
When a judgment and sentence become final is key to the commencement of the running of the two year time limit. In Hampton’s case, since he took no appeal, his judgment and sentence became final thirty days after they were rendered; i.e., the time his appellate rights expired. See Ayo v. State, 708 So.2d 692 (Fla. 5th DCA 1998); Davis v. State, 687 So.2d 292 (Fla. 2d DCA 1997). See also Mitchell v. State, 818 So.2d 696 (Fla. 5th DCA 2002).
Hampton thus had until August 23, 2002, in which to file his motion. Since he filed it on August 19, 2002, it was timely.
REVERSED and REMANDED.
THOMPSON, C.J., and MONACO, J, concur.