SHARP, W„ J.
McQuagge appeals from the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief in two criminal cases.
In Osceola County, 9th Judicial Circuit Court No. 98-2725, defendant was sentenced on September 26, 2000 as an habitual felony offender to 20 years incarceration, suspended upon the successful completion of two years of community control. On April 24, 2002, he was arrested for a violation of his community control. He admitted violating the conditions of his supervision on July 11, 2002, and was sentenced on August 30, 2002, to 7.5 years as an habitual felony offender.
In Osceola County, 9th Judicial Circuit Court No. 99-1172, defendant pled nolo contendere on August 15, 2000, to five charges and was sentenced on September 26, 2000, to a total of 20 years incarceration, to be suspended after the successful completion of one year community control and ten years of probation, to run consecutive to No. 98-2725. On April 24, 2002, defendant was arrested for a violation of his community control. He admitted the violation on July 11, 2002, and was sentenced on August 30, 2002, to 7.5 years incarceration as an habitual felony offender. McQuagge did not seek a direct appeal in either case.
In his first Rule 3.850 motion filed March 30, 2003, McQuagge sought to raise many claims relating to his original plea agreements and sentences. But they could not be considered pursuant to Rule *38 3.850 because the two-year limitations period for filing such a motion expired two years and thirty days after September 26, 2000.[1] He also raised issues concerning the revocation of community control, and entitlement for credit for time served in a drug treatment center. This court rejected all of his claims. McQuagge v. State, 857 So.2d 895 (Fla. 5th DCA 2003).
In this motion, McQuagge seeks to rear-gue these same issues, although he labels them as grounds for having received an “illegal sentence.” This second motion is successive and an abuse of process.
AFFIRMED.
PALMER and MONACO, JJ., concur.

. Fla. R.Crim. P. 3.850(b). See Hampton v. State, 837 So.2d 611 (Fla. 5th DCA 2003) (since defendant took no appeal, his judgment and sentence became final 30 days after rendition).