# Third District Court of Appeal

## State of Florida

Opinion filed April 01, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1948
Lower Tribunal No. 88-5480
_____

**Ronald Holloway,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Jason T. Forman, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before SUAREZ, ROTHENBERG, and LAGOA, JJ.

ROTHENBERG, J.

Ronald Holloway ("Holloway") appeals the trial court's order denying his

Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm.

Holloway was arrested on February 17, 1988, and charged with nine counts of sexual battery upon his three minor daughters, who were two, three, and seven years old at the time of the offenses. After an examination at the rape treatment center revealed that all three of his daughters had multiple tears to their hymens, Holloway admitted that he inserted his finger inside his daughters' vaginas "to clean" and put Vaseline on their vaginas. When evaluated by Dr. Sczechowicz to determine whether Holloway qualified for and was amenable to treatment in the Mentally Disordered Sex Offender ("MDSO") program, Holloway admitted to inserting his finger inside his daughters' vaginas, saying that he had progressed to a point where he realized he was sexually abusing them and was having thoughts of escalating the abuse. He told Dr. Sczechowicz that he stopped sexually abusing his daughters after he realized he was hurting them. While relating these events, Holloway cried, admitted that he needed treatment, and asked for help.

Based on Holloway's admissions and amenability to treatment, the State offered, and Holloway accepted, a negotiated plea wherein the State reduced the nine counts of capital sexual battery to nine counts of attempted sexual battery and Holloway was placed on probation with treatment in the MDSO program. In 2008, the trial court terminated Holloway's probation early to allow Holloway to become

gainfully employed.

In 2013, twenty-five years after entering his plea to the charges and five years after his probation was successfully terminated, Holloway filed the instant motion seeking to have his plea and convictions set aside on the basis of newly discovered evidence. Attached to Holloway's motion was an affidavit submitted by his eldest daughter stating that her father was not the person who had victimized her.

We conclude that the trial court did not err by denying Holloway's rule 3.850 motion because: (1) his motion was untimely; (2) the evidence does not qualify as newly discovered evidence; and (3) no manifest injustice has been demonstrated. We address each of these findings below.

Holloway's motion is clearly untimely. A defendant has two years from the date his judgment and sentence become final to file a rule 3.850 motion for postconviction relief. Dean v. State, 644 So. 2d 122, 123 (Fla. 2d DCA 1994). Holloway was convicted on April 27, 1988, and he did not file his motion until November 25, 2013, well outside the two-year window.

Additionally, the evidence Holloway claims was newly discovered was in fact known to Holloway well before 2013, and it therefore does not qualify as newly discovered evidence. Generally, to establish a claim of newly discovered evidence, a defendant must establish that: (1) the evidence was unknown by the

3

trial court, the defendant, and the defendant's trial counsel at the time of trial or at the time the defendant entered his plea of guilty or no contest to the charges; (2) the evidence could not have been discovered by the use of due diligence; and (3) the newly discovered evidence is of such a nature that it would probably produce an acquittal upon a retrial. McLin v. State, 827 So. 2d 948, 956 (Fla. 2002); Jones v. State, 709 So. 2d 512, 521 (Fla. 1998).

The above standard, however, does not apply to instances where the defendant has entered a plea of no contest. See Scott v. State, 629 So. 2d 888, 890 (Fla. 4th DCA 1993). In such cases, the defendant must establish that: (1) the evidence was unknown to the defendant, his trial counsel, and the trial court within the two-year rule 3.850 window; (2) the evidence could not have been discovered by the use of due diligence; and (3) withdrawal of the plea is necessary to correct a manifest injustice. Id.

Our review of the record reflects that Holloway either knew about this evidence or could have discovered the evidence through due diligence prior to entering his plea or during the two-year postconviction relief window. He has therefore failed to satisfy the first two requirements to set aside a plea on the basis of newly discovered evidence.

Prior to accepting the State's plea offer, Holloway told Dr. Leonard Haber that his daughter ("S") had told him that a "little boy had touched her," and

Holloway also stated that his children's babysitter's brother sometimes took care of his children. Holloway, therefore, had an obligation to investigate his daughter's claim before entering his plea. In 1995, when Holloway filed his first motion for early termination of his probation, he told the trial court that one of his daughters had indicated to him that he was not the person who had committed the subject offenses. Then, in 2008, Holloway actually submitted a letter to the trial court written by his eldest daughter in support of his motion for early termination of his probation. In this letter, Holloway's eldest daughter stated that her father was not the person who had molested her. However, it was not until 2013 that Holloway filed the instant motion to set aside his plea and conviction, attaching an affidavit from the same daughter that had written the letter to the trial court in 2008 in support of his motion for early termination of his probation. As in the 2008 motion for early termination, Holloway's eldest daughter stated that Holloway was not the person who sexually assaulted her.

Based on the evidence available to Holloway in 1988, if he believed he was innocent of the charged offenses, he could have and should have investigated whether his daughters had been sexually assaulted by a child at school or the babysitter's brother before entering his plea admitting that he had sexually assaulted them. More importantly for our analysis, with the use of due diligence, Holloway certainly could have brought his claim of newly discovered evidence by

5

1995 when his eldest daughter allegedly confided in him that he was not the person who had assaulted her or in 2008 after the same daughter made the same claim in writing to the trial court in support of her father's motion for early termination of his probation. If Holloway was truly innocent of the charges, it is difficult to imagine, and he makes no attempt to explain, why he waited at least thirteen years after discovery of this "newly discovered evidence" to seek postconviction relief.

Lastly, Holloway has not demonstrated manifest injustice based on actual innocence. As noted earlier, Holloway admitted to sexually abusing his daughters. He admitted that he inserted his finger inside their vaginas, considered escalating his assaults upon them, and then voluntarily stopped his behavior when he realized he was sexually abusing and hurting his daughters. Holloway also admitted to Dr. Sczechowicz that he needed help in 1988, prior to accepting the plea.

Because the evidence submitted by Holloway was not newly discovered evidence and no manifest injustice has been demonstrated, we affirm the trial court's order denying Holloway's untimely motion for postconviction relief.

Affirmed.