# Third District Court of Appeal

**State of Florida**

Opinion filed September 09, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1636
Lower Tribunal No. 84-2057
_____

**Lawrence Berry, Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Lawrence Berry, Jr., in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before WELLS, ROTHENBERG and SCALES, JJ.

ROTHENBERG, J.

Lawrence Berry, Jr. ("Berry"), the defendant below, appeals the denial of his motion to set aside or vacate his plea of guilty and conviction for the sale of marijuana entered over thirty-one years ago on March 26, 1984, on the basis of newly discovered evidence. Because the record clearly supports the trial court's findings that Berry did not satisfy his burden of establishing that: (1) the claimed "newly discovered evidence" was unknown to Berry, his trial counsel, and the trial court within the two-year rule 3.850 window, and (2) the evidence could not have been discovered by the use of due diligence, we find no error and affirm.

A defendant who seeks to set aside a plea of guilty or no contest and his conviction on the basis of newly discovered evidence must establish that: (1) the evidence was unknown to the defendant, his trial counsel, and the trial court within the two-year rule 3.850 window; (2) the evidence could not have been discovered by the use of due diligence; and (3) withdrawal of the plea is necessary to correct a manifest injustice. Holloway v. State, 160 So. 3d 149, 151 (Fla. 3d DCA 2015). Berry only offered evidence and argument as to the third prong; however, the same evidence actually refutes the first two prongs necessary to support a claim of newly discovered evidence.

The operative facts are as follows. Berry pled guilty on March 26, 1984, to the sale of marijuana based on a hand-to-hand transaction Berry allegedly made to an undercover officer through a jalousie window of an apartment. Recently, Berry

2

was convicted in federal court of drug and firearm offenses and his federal sentence was increased due to Berry's earlier state court drug conviction. In seeking to set aside the state court conviction, Berry submitted an affidavit from Wayne Times ("Times") wherein Times claims he was with Berry prior to Berry's arrest and he drove Berry to the subject apartment. Times states that upon arriving, he saw an individual who he identified as James Denson exit the subject apartment, Berry stop to briefly speak with Denson after Berry exited Times' vehicle, and then Berry enter the subject apartment. As Times began to drive away, he saw City of Miami Police officers "raid" the apartment Berry had just entered (the police were executing a search warrant at that location based on prior drug sales made at that location and witnessed by the police), and because the police had blocked his vehicle, he also witnessed Berry being arrested. In his affidavit, Times further averred that he has known Berry for his entire life.

In addition to Berry's failure to plead that the allegedly newly discovered evidence was unknown to him and could not have been discovered by the use of due diligence within the two-year window (which closed in 1986), Times' affidavit reflects the opposite conclusion. Times was with Berry just moments before his arrest, was present and witnessed the events leading up to Berry's arrest, and is very close to Berry because he has known Berry for his entire life. Berry did not plead that he was unaware of Times' existence; he did not plead that he was

3

unaware that Times could provide exculpatory evidence; he did not plead that he could not locate Times after his arrest or within the two-year window; he did not describe what efforts he made to determine Times' whereabouts or what Times may have witnessed in reference to the charged crime.

We therefore agree with the trial court that Berry failed to meet the requirements articulated in <u>Holloway</u> to set aside a plea and conviction on the basis of newly discovered evidence thirty-one years after the fact.

Affirmed.