# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2017.
Not final until disposition of timely filed motion for rehearing.

————————

Nos. 3D14-2530, 3D14-2529, 3D14-2528 & 3D14-2527
Lower Tribunal Nos. 06-10744, 08-24177A, 03-4217B, 01-25930

————————

**Jose Luis Perez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Quintero Broche and Frank Quintero, Jr., Alejandro Gonzalez Contrera and Juan P. Broche, for appellant.

Pamela Jo Bondi, Attorney General, and Shayne R. Burnham and Nikole Hiciano, Assistant Attorneys General, for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Jose Luis Perez challenges the lower court's order denying his motion to vacate his plea, judgments and sentences based upon newly-discovered evidence and upon an alleged <u>Brady</u>[1] violation.  In his motion, Perez contended that this newly-discovered evidence supported the defense's position that law enforcement illegally entered and seized evidence from his warehouse two days <u>before</u> obtaining and executing a search warrant of the warehouse.  Perez argued that, had he been in possession of this evidence at the time of the motion to suppress, the preparation for, and outcome of, that hearing would have been different. According to Perez, this newly-discovered evidence, and the State's suppression of this evidence in violation of <u>Brady</u>, constitutes a "manifest injustice" and, therefore, he was entitled to a vacatur of his plea, judgments and sentences.  The trial court denied the motion, and this appeal followed.

We do not reach the merits of this claim.  Instead, we reverse and remand this cause for the trial court to reconsider the merits of Perez's claim utilizing the standard recently announced by the Florida Supreme Court in <u>Long v. State</u>, 183 So. 3d 342 (Fla. 2016).

In 2014, when the trial court held the evidentiary hearing and rendered its order, the case law held that a defendant seeking to withdraw or vacate a plea after sentencing must demonstrate that withdrawal or vacatur of the plea "is necessary to

---

[1] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

correct a manifest injustice," Perez v. State, 118 So. 3d 298, 301 (Fla. 3d DCA 2013) (quoting Scott v. State, 629 So. 2d 888, 890 (Fla. 4th DCA 1993)), and that the defendant "has the burden of demonstrating a manifest injustice through clear proof of prejudice." Id. Appropriately, the trial court utilized this then-existing manifest injustice/clear prejudice standard in its consideration of the motion. The trial court found Perez failed to meet this standard, and further concluded that, because "there [had] been no claim of actual innocence in conjunction with the motion to vacate the plea . . . there is no manifest injustice or prejudice" (quoting Oce v. State, 742 So. 2d 464, 466 (Fla. 3d DCA 1999)).

However, after the trial court rendered its order in this case, and while this appeal was pending, the Florida Supreme Court announced a different standard to be applied by trial courts considering a motion to vacate a plea based upon newly-discovered evidence.[2] In Long, the court began by acknowledging the established

_____

[2] Although the trial court properly relied upon the then-existing standard, the Florida Supreme Court's announcement of a new rule of law in Long occurred during the pendency of this appeal. Perez's case was thus in the pipeline at the time Long became final, and that controlling precedent applies to our consideration of this appeal. See, e.g., Pierre v. State, 973 So. 2d 547 (Fla. 5th DCA 2008); Barthel v. State, 882 So. 2d 1054 (Fla. 2d DCA 2004). See also Castano v. State, 119 So. 3d 1208, 1209-11 (Fla. 2012) (Pariente, J., concurring). This is especially true where the new rule of law announced in Long (i.e., the appropriate standard to be used when deciding the merits of a motion to vacate a plea and sentence based upon newly-discovered evidence) will apply almost exclusively to postconviction claims.

3

standard for a motion to vacate a plea, judgment and sentence *based upon a claim of ineffective assistance of counsel*:

> We have addressed the vacation of a judgment and sentence on postconviction relief where the defendant has entered a guilty plea within the context of ineffective assistance of counsel. See Grosvenor v. State, 874 So.2d 1176 (Fla.2004). In Grosvenor, we established a two-prong test for determining claims of ineffective assistance of counsel relating to guilty pleas. The first prong is identical to the deficient performance prongs in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), and Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985). The defendant must specifically identify acts or omissions of counsel that were manifestly outside the wide range of reasonably competent performance under prevailing professional norms. As for the second prong, we held that a defendant must demonstrate "a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." Grosvenor, 874 So.2d at 1181. The defendant does not have to show that he actually would have prevailed at trial, but the strength of the government's case against the defendant should be considered in evaluating whether the defendant really would have gone to trial if he had received adequate advice from his counsel. Id. "Counsel's effectiveness is determined according to the totality of the circumstances." Id. (citing Strickland, 466 U.S. at 690, 104 S.Ct. 2052).

Long, 183 So. 3d at 345-46. (Citations omitted).

Borrowing heavily from this hybrid standard utilized in a motion to vacate plea based on ineffective assistance of counsel, the Court held that a similar

4

standard should apply where the motion to vacate judgment and sentence following a plea is *based upon newly-discovered evidence*:

> We likewise establish a similar two-prong test for determining postconviction claims for newly discovered evidence relating to guilty pleas which adopts the first prong of the <u>Jones</u> test and the second prong from <u>Grosvenor</u>. First, the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the defendant must demonstrate a reasonable probability that, but for[3] the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to trial. "[I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial." <u>Grosvenor</u>, 874 So.2d at 1181–82.

<u>Id.</u> at 346.

Whether Perez has carried his burden of establishing an entitlement to relief under the standard announced in <u>Long</u> involves mixed questions of fact and law.

---

[3] The Florida Supreme Court uses the "but for" language in similar fashion to the standard applied to ineffective assistance of counsel claims. It is clear from the context, however, that this language requires Perez to establish that, had he known of this newly-discovered evidence prior to the plea, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.

We therefore reverse and remand for the trial court to reconsider the merits of Perez's claims of newly-discovered evidence under the standard newly-announced in Long.[4] The trial court need not (but may, in its discretion) hold a further evidentiary hearing or take additional evidence before considering this matter on remand.

The trial court should determine, pursuant to Long, whether Perez has established: First, that the newly-discovered evidence was not known by the trial court, the party, or counsel at the time of the plea, and that the defendant or defense counsel could not have known of it by the use of diligence.[5] Second, that there is a reasonable probability that, had he known of this newly-discovered evidence, Perez would not have pleaded guilty and would have insisted on going to trial.

_____

[4] We note that Perez also asserted that the State committed a Brady violation. However, in this case the alleged Brady violation involves the identical documents comprising the newly-discovered evidence claim, and the "reasonable probability" standard adopted in Long for analyzing prejudice in a newly-discovered evidence claim is the very same standard used to analyze prejudice from an alleged Brady violation. See White v. State, 664 So. 2d 242, 244 (Fla. 1995) (holding that the prejudice/materiality prong of Brady requires a defendant to demonstrate that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different") (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). In light of this, and for ease of discussion, we have addressed the issue only in the context of newly-discovered evidence.

[5] Although we do not reach the merits, we observe that, from the order on review, the record on appeal and the parties' briefs, it would appear to be undisputed that Perez satisfied this first prong.

Reversed and remanded with directions.