NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

IFRAIN MONDEJA,                          )
                                         )
           Appellant,                    )
                                         )
v.                                       )          Case No. 2D17-1578
                                         )
STATE OF FLORIDA,                        )
                                         )
           Appellee.                     )
_____ )

Opinion filed February 14, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Charlotte County; George C. Richards,
Judge.

Ifrain Mondeja, pro se.


MORRIS, Judge.

           Ifrain Mondeja challenges the dismissal of his Florida Rule of Criminal

Procedure 3.850 motion for postconviction relief in which he asserted one claim of

ineffective assistance of trial counsel.  The postconviction court dismissed the motion

with prejudice, finding that the motion was untimely filed and that the certificate of

service was defective for failing to include the State Attorney's Office.  We reverse.

Generally, a motion filed under rule 3.850 must be filed within two years after a judgment and sentence become final. Fla. R. Crim. P. 3.850(b). Where a defendant does not file a direct appeal, the judgment and sentence become final thirty days after rendition. Caballero-Rayes v. State, 122 So. 3d 437, 438 (Fla. 2d DCA 2013); Davis v. State, 687 So. 2d 292, 293 (Fla. 2d DCA 1997). Mr. Mondeja's judgment and sentences were rendered on October 31, 2014. No appeal was filed, so his judgment and sentences became final thirty days later on November 30, 2014. Mr. Mondeja therefore had until November 30, 2016, to file a motion for postconviction relief. The stamp on Mr. Mondeja's motion reflects that it was placed "in the hands of an institutional official for mailing," see Fla. R. App. P. 9.420(a)(2)(A), on November 21, 2016. Thus, his motion for postconviction relief should have been deemed timely filed on November 21, 2016. See id.; Haag v. State, 591 So. 2d 614, 617 (Fla. 1992).

As to the postconviction court's finding that the certificate of service was defective, this was correct. See Fla. R. App. P. 9.420(b)(1), (d)(1). The certificate of service attached to the motion reflected that Mr. Mondeja did not serve the State Attorney's Office. The postconviction court should have, however, allowed Mr. Mondeja to amend his motion to cure this technical deficiency. See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."); Spera v. State, 971 So. 2d 754, 755 (Fla. 2007) ("[I]n dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected."); see also Bryant v. State, 901 So. 2d 810, 818 (Fla. 2005)

(observing that when a technically deficient motion is stricken with leave to amend to correct the deficiency, the amended motion relates back to the original filing for the purpose of determining the timeliness of the motion). Thus, the postconviction court abused its discretion by dismissing the motion without granting Mr. Mondeja leave to amend.

Accordingly, we reverse and remand with directions to strike Mr. Mondeja's motion and to grant him sixty days to file an amended motion. See Fla. R. Crim. P. 3.850(f)(2); Spera, 971 So. 2d at 761.

Reversed and remanded with directions.

CASANUEVA and SLEET, JJ., Concur.