# Third District Court of Appeal

## State of Florida

Opinion filed March 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2874
Lower Tribunal No. 97-18752
_____


**Edelio Perez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Law Offices of Matthew Troccoli, P.A., and Matthew J. Troccoli, for appellant.

Pamela Jo Bondi, Attorney General, and G. Raemy Charest-Turken, Assistant Attorney General, for appellee.


Before ROTHENBERG, C.J., and SUAREZ and EMAS, JJ.

PER CURIAM.

Edelio Perez appeals from the trial court's order denying his motion for postconviction relief. We reverse and remand for reconsideration of Perez's motion in light of the standard established by the Florida Supreme Court in Long v. State, 183 So. 3d 342 (Fla. 2016).

In 1997, Perez was charged in a two-count information with committing a lewd and lascivious act upon each of his two stepdaughters (who were six and seven years old at the time). In 1998, pursuant to a negotiated plea, Perez pleaded nolo contendere to the charges and, in exchange for his plea, was placed on ten years' probation with early termination after five years. Perez successfully completed his probation.

In 2015, Perez filed a motion for postconviction relief. In that motion, Perez sought to set aside his judgment and sentence and withdraw his previously-entered plea, based upon newly-discovered evidence. The newly-discovered evidence consisted of affidavits from the two victims in which each of them averred that they lied when they accused Perez of molesting them, and recanted their prior statements and testimony against Perez. The State filed a response to Perez's motion and, in advance of an evidentiary hearing, deposed each of the stepdaughters.

The trial court held an evidentiary hearing. At the hearing, both stepdaughters testified, as did the forensic interviewer who conducted the

2

videotaped interview of the stepdaughters when the incidents were initially reported. The videotapes of those interviews were also introduced in evidence and viewed by the trial court.

On November 22, 2016, following the evidentiary hearing, the trial court denied the motion, applying the standard enunciated in Holloway v. State, 160 So. 3d 149 (Fla. 3d DCA 2015). In Holloway, we followed an earlier decision of our sister court and held that a defendant seeking to withdraw a plea based upon newly-discovered evidence must establish that:

> (1) the evidence was unknown to the defendant, his trial counsel, and the trial court within the two-year rule 3.850 window; (2) the evidence could not have been discovered by the use of due diligence; and (3) withdrawal of the plea is necessary to correct a manifest injustice.

Id. at 151 (quoting Scott v. State, 629 So. 2d 888, 890 (Fla. 4th DCA 1993)) (emphasis added).

The trial court, applying this standard, determined that Perez had met the first two prongs, but had failed to satisfy the third prong, concluding in its order of denial that Perez "has not demonstrated a manifest injustice based on actual innocence."

However, the standard we adopted in Holloway has been supplanted by the Florida Supreme Court's subsequent decision in Long, 183 So. 3d at 345-46,[1]

---

[1] The Florida Supreme Court issued Long on January 21, 2016, after Perez's motion and the State's response had been filed, but prior to the evidentiary hearing. From the record provided, it does not appear that either party alerted the trial court

3

which announced the applicable standard for considering a motion to vacate a plea based upon newly-discovered evidence. We noted this change in the law in our recent decision in Perez v. State, 212 So. 3d 469, 470-72 (Fla. 3d DCA 2017):

> In Long, the Court began by acknowledging the established standard for a motion to vacate a plea, judgment and sentence *based upon a claim of ineffective assistance of counsel*:
>
>> We have addressed the vacation of a judgment and sentence on postconviction relief where the defendant has entered a guilty plea within the context of ineffective assistance of counsel. See Grosvenor v. State, 874 So.2d 1176 (Fla.2004). In Grosvenor, we established a two-prong test for determining claims of ineffective assistance of counsel relating to guilty pleas. The first prong is identical to the deficient performance prongs in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The defendant must specifically identify acts or omissions of counsel that were manifestly outside the wide range of reasonably competent performance under prevailing professional norms. As for the second prong, we held that a defendant must demonstrate "a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." Grosvenor, 874 So.2d at 1181. The defendant does not have to show that he actually would have prevailed at trial, but the strength of the government's case against the defendant should be considered in evaluating whether the trial if defendant really would have gone to he had received adequate advice from his counsel. Id. "Counsel's effectiveness is determined according to the totality of the circumstances." Id. (citing Strickland, 466 U.S. at 690, 104 S.Ct. 2052).

_____

to the Long decision or the change in the applicable standard.

4

Long, 183 So.3d at 345–46. (Citations omitted).

Borrowing heavily from this hybrid standard utilized in a motion to vacate plea based on ineffective assistance of counsel, the Court held that a similar standard should apply where the motion to vacate judgment and sentence following a plea is based upon newly-discovered evidence:

> We likewise establish a similar two-prong test for determining postconviction claims for newly discovered evidence relating to guilty pleas which adopts the first prong of the Jones test and the second prong from Grosvenor. First, the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the defendant must demonstrate a reasonable probability that, but for the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to trial. "[I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial." Grosvenor, 874 So.2d at 1181–82.

We therefore reverse the trial court's order and remand for the trial court to reconsider the merits of Perez's claim under the standard announced in Long.[2]

---

[2] In our earlier Perez decision, we noted that Long was issued after the evidentiary hearing and after the trial court entered its order. Given those circumstances, our instructions on remand permitted the trial court, in its discretion, to "hold a further evidentiary hearing or take additional evidence before considering this matter on remand." Perez, 212 So. 3d at 472. In the instant case, by contrast, the Long

5

REVERSED AND REMANDED.

---

decision was issued nine months prior to the evidentiary hearing. The parties are charged with knowledge of the then-existing legal standard at the time of the hearing and are not entitled to a second bite of the evidentiary apple on remand.