EMAS, J.
*466 INTRODUCTION
In these consolidated appeals, Keith Williams and Kenneth Williams appeal from the trial court's order summarily denying each of their motions to vacate their judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court erred in summarily denying the motions without an evidentiary hearing, we reverse and remand for that purpose.
PROCEEDINGS BELOW
Appellants were co-defendants in lower court case number 08-17481, and each was charged with two counts of attempted murder and one count of discharging a firearm from a vehicle. In 2010, each appellant entered a negotiated plea, resulting in a judgment and probationary sentence.
Based upon newly discovered evidence, the appellants both filed motions to vacate their judgments and sentences, citing to and attaching an affidavit executed in 2017 from a third co-defendant, Anthony Cox. In his affidavit, Cox admits that he was involved in the attempted murder. Cox avers, however, that neither Keith Williams nor Kenneth Williams was involved in or present at the crime. Instead, Cox avers, Dorian Jones (aka "Snoop") and Stephen Smith (aka "Vito") were the two individuals with Cox during the commission of the crimes in question. Cox further avers he did not come forward with this information sooner because he was afraid of retaliation from Jones and Smith. Each appellant asserts that, had he been aware of this newly-discovered evidence, he would not have pleaded guilty to the charges, but would have insisted on going to trial.
The State filed identical responses to each appellant's motion, contending that there was
evidence independent of the testimony of Anthony Cox to prove that Defendant was responsible for the crime charged .... Given the fact that there was additional evidence identifying the Defendant, it is the State's position that the alleged testimony by Anthony Cox would not produce an acquittal at trial.[1]
However, the State's response contains no record attachments to support this argument. The trial court rendered an unelaborated order denying the motions for postconviction relief, and no portion of the files or records was attached to the order, save for appellants' motions and the State's response.
*467 DISCUSSION
A defendant seeking to withdraw a plea based upon newly-discovered evidence must allege and establish:
First, the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the defendant must demonstrate a reasonable probability that, but for the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to trial. "[I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial."
Long v. State, 183 So.3d 342, 346 (Fla. 2016) (citing Grosvenor v. State, 874 So.2d 1176, 1181-82 (Fla. 2004) ). See also Perez v. State, 240 So.3d 125 (Fla. 3d DCA 2018).
In reviewing a trial court's summary denial of a motion under rule 3.850, we are required to accept as true all well-pleaded allegations of a timely and legally sufficient motion to the extent those allegations are not conclusively refuted by the record. Franqui v. State, 59 So.3d 82 (Fla. 2011) ; Wilson v. State, 188 So.3d 82 (Fla. 3d DCA 2016). And "unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(D).
On appeal, the State contends (for the first time) that Anthony Cox's affidavit is "inherently incredible" and that, had they exercised due diligence, appellants would have ascertained the newly-discovered evidence more than two years before the motion was filed.[2] We reject these arguments, as the State did not raise them below nor were they articulated as a basis for the trial court's summary denial of appellants' motions. Moreover, we cannot conclude that the affidavit is inherently incredible or that the limited record before us conclusively establishes that appellants, in the exercise of due diligence, could have ascertained the newly-discovered evidence earlier. The factual determinations of credibility and due diligence can be made by the trial court following an evidentiary hearing.
CONCLUSION
We reverse and remand for the trial court to hold an evidentiary hearing on each appellant's motion (which hearings may, if appropriate and in the trial court's discretion, be held jointly or separately), *468 and for further proceedings consistent with this opinion.

We note that the State's argument in this regard is erroneous, as the applicable standard in the instant case is not whether there is a reasonable probability of acquittal at trial, but rather whether, had appellants been aware of this newly-discovered evidence, there is a reasonable probability that appellants "would not have pleaded guilty and would have insisted on going to trial." Grosvenor v. State, 874 So.2d 1176, 1181-82 (Fla. 2004). See also Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Fla. R. Crim. P. 3.850(b)(1) provides:
Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence ...