PER CURIAM.
Affirmed. See Fla. R. Crim. P. 3.850(h)(2) (providing: "A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits ..."); Fla. R. Crim. P. 3.850(b)(1) (providing that a claim of newly-discovered evidence must be made "within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence"); Long v. State, 183 So.3d 342 (Fla. 2016) (establishing two-prong test to be applied in a motion to vacate judgment and sentence based upon newly-discovered evidence relating to a guilty plea, and reaffirming that the burden is on the defendant to establish a legally sufficient claim premised on newly-discovered evidence); Berry v. State, 175 So.3d 896 (Fla. 3d DCA 2015) (affirming trial court's denial of motion to vacate plea and sentence where defendant failed to satisfy his burden of establishing that the claimed newly-discovered evidence was unknown to defendant, his trial counsel and the trial court within the two-year period under rule 3.850, and failed to establish that the evidence could not have been discovered in the exercise of due diligence).