DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHANCE JAWWUN JOE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-1285

[November 4, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 312007CF001737A.

Chance Jawwun Joe, Milton, pro se.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Chance Jawwun Joe appeals the summary denial of a rule 3.850 motion for postconviction relief that raises a claim of newly discovered evidence. We reverse and remand for further proceedings because the claim is facially sufficient and the record does not conclusively refute it. *McLin v. State*, 827 So. 2d 948, 954 (Fla. 2002) ("To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.") (quoting *Foster v. State*, 810 So. 2d 910, 914 (Fla. 2002), and *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999)).

Appellant and his codefendant, Roger Wilson, were charged with robbery with a deadly weapon. In 2010, appellant was convicted following a jury trial, and he received a 25-year mandatory minimum. His conviction and sentence became final in 2012. *Joe v. State*, 66 So. 3d 423, 424 (Fla. 4th DCA 2011), *rev. denied*, 77 So. 3d 1254 (Fla. 2011), *cert. denied*, 566 U.S. 1039 (2012). Wilson entered a plea in 2010 and received a ten-year sentence.

In February 2020, appellant filed this rule 3.850 motion alleging that he had newly discovered evidence. At the time of trial Wilson invoked the Fifth Amendment and refused to testify, but he was now willing to testify in appellant's defense. In 2019, Wilson provided an affidavit to an investigator stating that appellant was with him for a marijuana sale. The buyers were not satisfied, and after Wilson refused to give them a refund, one of the men pointed a gun at him. Wilson wrestled the gun away and then took the contents from the man's pockets. The other buyer pulled out a gun and started shooting, hitting appellant. By showing that appellant did not plan or participate in the robbery, appellant believes Wilson's testimony would produce an acquittal.

The trial court summarily denied the motion concluding that appellant could have obtained Wilson's statement with due diligence as early as 2013 after he was denied postconviction relief and had no reason to invoke the Fifth Amendment.[1]

The record, however, does not conclusively prove that Wilson would have provided a statement earlier or that appellant could have compelled him to provide a statement in 2013 or thereafter. The pleading requirement for due diligence is lower than the proof needed at an evidentiary hearing to demonstrate that the recent statement meets the test for newly discovered evidence. *Davis v. State*, 26 So. 3d 519, 528-29 (Fla. 2009). Generally, an evidentiary hearing is needed to determine whether new testimony is credible and whether the defendant could have obtained it earlier with due diligence. *Nordelo v. State*, 93 So. 3d 178, 185 (Fla. 2012); *Williams v. State*, 255 So. 3d 464 (Fla. 3d DCA 2018).

Wilson's statement is not inherently incredible nor immaterial. The limited record does not conclusively prove that the statement would not produce an acquittal and the record does not otherwise support summary denial of appellant's motion. Accordingly, we reverse and remand for further proceedings.

*Reversed and remanded.*

---

[1] Wilson's conviction and sentence became final in 2011 after this Court affirmed on direct appeal. *Wilson v. State*, 60 So. 3d 404 (Fla. 4th DCA 2011) (table). In 2013, this Court affirmed the summary denial of his timely motion for postconviction relief. *Wilson v. State*, 120 So. 3d 570 (Fla. 4th DCA 2013) (table). Wilson filed additional documents requesting postconviction relief that were denied or dismissed and affirmed by this Court. *Wilson v. State*, 134 So. 3d 473 (Fla. 4th DCA 2014) (table); *Wilson v. State*, 152 So. 3d 592 (Fla. 4th DCA 2014) (table).

LEVINE, C.J., CIKLIN, and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***