# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D22-0693 and 3D23-0134
Lower Tribunal No. F09-26658A
_____

**Cathlyn Palmer,**
Appellant,

vs.

**The State of Florida,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

MHK Legal, PLLC, and Mark H. Klein (Coral Springs), for appellant.

Ashley Moody, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

In these consolidated appeals, appellant Cathlyn Palmer seeks review of the trial court's summary denial of his motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, on the basis of newly discovered evidence. This evidence included an affidavit from the victim, who 1) recanted his trial testimony and his prior out-of-court identification of Palmer as one of the alleged perpetrators; 2) averred that he never saw who committed the crime; and 3) asserted that police lied to him and forced him to identify Palmer as one of the perpetrators.[1]

As we have previously held, when "reviewing a trial court's summary denial of a motion under rule 3.850, we are required to accept as true all true well-pleaded allegations of a timely and legally sufficient motion to the extent

---

[1] Palmer's first motion for postconviction relief concerned newly discovered evidence in the form of an affidavit from a witness, Robert Moise, who averred that Palmer was not involved in the crime. On December 3, 2021, the trial court conducted an evidentiary hearing on this motion. During that hearing, the State revealed that it had been in possession of Moise's fingerprint prior to Palmer's conviction, but it appears that this evidence was never turned over to the defense. As to the Moise affidavit, the trial court denied Palmer's motion for postconviction relief. Following the December 3 hearing, Palmer filed a second motion for postconviction relief based on the fingerprint evidence, which Palmer argued was a violation of Brady v. Maryland, 373 U.S. 83 (1963), and additionally raised a newly discovered evidence claim based on an affidavit executed by the victim, British Mitchell. The trial court summarily denied the second motion for postconviction relief. Although Palmer appeals the denial of both his motions for postconviction relief, and the two appeals were consolidated for all appellate purposes, Palmer does not raise any issue relative to the Moise affidavit.

2

those allegations are not conclusively refuted by the record. . . . And 'unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.'" Williams. v. State, 255 So. 3d 464, 467 (Fla. 3d DCA 2018) (internal citations omitted).

In order to obtain relief on the basis of newly discovered evidence, the defendant is required to show: (1) that the evidence was not known by the trial court, the party or counsel at the time of trial and that neither the defendant nor defense counsel could have known of such evidence by the use of due diligence; and (2) that the newly discovered evidence would probably produce an acquittal on retrial or produce a less severe sentence. Davis v. State, 26 So. 3d 519, 526 (Fla. 2009). "Newly discovered evidence satisfies the second prong of the Jones II test if it 'weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability.'" Id. (quoting Jones v. State, 709 So. 2d 512, 526 (Fla. 1998) ("Jones II")).

In the context of a postconviction claim of newly discovered evidence, "Florida law treats recantations with suspicion." McLin v. State, 827 So. 2d 948, 955 (Fla. 2002) (additional citation omitted). "Recanted testimony is a form of newly discovered evidence, and postconviction relief predicated upon recanted testimony will not entitle a defendant to a new trial unless (1)

3

the trial court is satisfied that the recantation is true; and (2) the witness' testimony will change to such an extent as to render probable a different verdict." <u>Ferguson v. State</u>, 306 So. 3d 986, 989 (Fla. 3d DCA 2020) (citing <u>Armstrong</u>, 642 So. 2d at 735). Such requirements reflect the fact that "recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true." <u>Id.</u> (quotation and citations omitted).

Nevertheless, an evidentiary hearing is ordinarily required so the trial court can assess and evaluate the evidence and testimony and make the attendant credibility and factual determinations to resolve a claim of newly discovered evidence based on recanted testimony. As the Florida Supreme Court observed in <u>Robinson v. State</u>, 707 So. 2d 688, 691 (Fla. 1998):

> In assessing recanted testimony, we have stressed caution, noting that it may be unreliable and trial judges must "examine all of the circumstances in the case." <u>State v. Spaziano</u>, 692 So. 2d 174, 176 (Fla.1997) (citing <u>Armstrong v. State</u>, 642 So. 2d 730, 735 (Fla.1994)). Accordingly, "[r]ecantation by a witness called on behalf of the prosecution does not necessarily entitle a defendant to a new trial." <u>Spaziano</u>, 692 So. 2d at 176 (quoting <u>Armstrong</u>, 642 So. 2d at 735). **<u>That is the purpose of an evidentiary hearing.</u>**

(Emphasis added).

The Florida Supreme Court reaffirmed this principle in <u>Davis</u>, noting that a trial court's determination of whether the recantation is true and meets

4

the due diligence and probability prongs of Jones II "usually requires an evidentiary hearing to evaluate credibility unless the affidavit is inherently incredible or obviously immaterial to the verdict and sentence." Davis, 26 So. 3d at 526 (citing Stephens v. State, 829 So. 2d 945 (Fla. 1st DCA 2002); Robinson v. State, 736 So. 2d 93, 93 (Fla. 4th DCA 1999); and Venuto v. State, 615 So. 2d 255, 256 (Fla. 3d DCA 1993)).

Upon our de novo review of the trial court's summary denial of the motion for postconviction relief, see Nordelo v. State, 93 So. 3d 178, 184 (Fla. 2012), we hold that the victim's affidavit, recanting his trial testimony and out-of-court identification of Palmer as one of the alleged perpetrators, was neither inherently incredible nor conclusively refuted by the record. While it's true that his affidavit is materially inconsistent with his trial testimony, this is the very nature of a recantation, and it would be circular reasoning to suggest that summary denial is appropriate simply because a witness' recantation is inconsistent with his trial testimony. Indeed, the nature and extent of such inconsistencies, the length of delay and reason for coming forward with the recantation, the materiality of this (and any other) newly discovered evidence together with the evidence introduced at the trial, and the totality of the relevant circumstances, are factors to be considered and weighed at an evidentiary hearing conducted for the very purpose of

determining whether the trial court is satisfied that the recantation is true and, if so, whether at a new trial the witness' testimony will change to such an extent as to render probable a different verdict. See Armstrong, 642 So. 2d at 735.

Under these circumstances, the trial court was required to conduct an evidentiary hearing on Palmer's claim of newly discovered evidence, including the asserted Brady violation. "Absent a record that conclusively refutes the allegations in the affidavit, or a finding that the newly-discovered evidence is inherently incredible, an evidentiary hearing generally will be required to resolve claims of newly-discovered evidence, especially when resolution of those claims necessarily requires the trial court to make credibility determinations." Harris v. State, 128 So. 3d 44, 46 (Fla. 3d DCA 2012) (remanding for an evidentiary hearing where nothing in the record established the affidavit was "inherently incredible") (citing McLin v. State, 827 So. 2d 948, 955-57; Jones v. State, 591 So. 2d 911, 916 (Fla. 1991)). See also Utile v. State, 235 So. 3d 1045, 1048 (Fla. 5th DCA 2018); Coley v. State, 74 So. 3d 184, 185 (Fla. 2d DCA 2011).

We reverse and remand with instructions for the trial court to conduct an evidentiary hearing on defendant's claim of newly discovered evidence and the alleged <u>Brady</u> violation.[2]

Affirmed in part, reversed in part, and remanded with directions.

---

[2] As to 3D22-693, we reverse the trial court order only to the extent it summarily denied the claim of a <u>Brady</u> violation. As discussed earlier, Palmer has not briefed, and has therefore waived, any challenge to the remainder of the order that denied his motion for postconviction relief premised on the Moise affidavit. Nevertheless, because we are also reversing the order in 3D23-134 and remanding for an evidentiary hearing on the newly discovered evidence claim the new trial, the trial court will be required to "consider all newly discovered evidence which would be admissible," and "evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial." <u>Jones v. State</u>, 591 So. 2d 911, 915 (Fla. 1991). This determination includes "whether the evidence goes to the merits of the case or whether it constitutes impeachment evidence. The trial court should also determine whether the evidence is cumulative to other evidence in the case. The trial court should further consider the materiality and relevance of the evidence and any inconsistencies in the newly discovered evidence." <u>Jones v. State</u>, 709 So. 2d 512, 526, 521 (Fla. 1998). This will, of necessity, require the trial court to include in its consideration the evidence that was presented at the evidentiary hearing previously held on the Moise affidavit.