# Third District Court of Appeal

## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1753
Lower Tribunal No. F08-17481A

_____

**Keith Williams,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Eugene F. Zenobi, Regional Counsel, and Jacqueline Rae Brandt, Assistant Regional Counsel, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before EMAS, SCALES and LOBREE, JJ.

SCALES, J.

Appellant Keith Williams challenges a September 2, 2022 trial court order that, following an August 12, 2022 evidentiary hearing, denied Williams's October 5, 2017 postconviction motion filed pursuant to Florida Rule of Criminal of Procedure 3.850. In this appeal, Williams challenges only the trial court's denial of his counsel's *ore tenus* motion to continue the August 12th hearing so that Williams could procure the attendance of a key witness at a future hearing. Concluding that the trial court did not abuse its discretion[1] in denying the continuance, we affirm.

In lower tribunal case number F08-17481A, Williams entered into a negotiated plea wherein Williams pled guilty to two counts of attempted murder and one count of discharging a firearm from a vehicle. Williams's rule 3.850 motion seeks to withdraw Williams's plea, and thereby vacate his judgment and sentences for these crimes, based on alleged newly discovered evidence that Williams's co-defendant, Anthony Cox, has now disavowed Williams's involvement in the crimes. In Williams v. State, 255 So. 3d 464 (Fla. 3d DCA 2018), this Court reversed the trial court's December 1, 2017 order that summarily denied Williams's rule 3.850 motion

---

[1] See State v. Humphreys, 867 So. 2d 596, 598 (Fla. 2d DCA 2004) ("We review under the abuse of discretion standard the trial court's refusal to continue the evidentiary hearing.").

2

and remanded for an evidentiary hearing at which Cox would ostensibly testify.

Although the trial court set Williams's rule 3.850 motion for an evidentiary hearing on multiple occasions, each time Cox did not appear despite his apparent knowledge of the hearing. Importantly, Cox was not personally subpoenaed to appear at an evidentiary hearing. See § 914.001(1), Fla. Stat. (2022) ("Subpoenas for witnesses in criminal cases shall run throughout the state and be directed to all of the sheriffs of the state."); Fla. R. Crim. P. 3.361(a) ("Subpoenas for testimony before the court . . . may be issued by the clerk of the court or by any attorney of record in an action.").

At the August 12, 2022 evidentiary hearing on Williams's rule 3.850 motion, upon informing the trial court that Cox had again failed to appear and was in the state of Texas, Williams's counsel made an *ore tenus* motion to continue the hearing once more so that Cox could be personally served with a subpoena to appear. The trial court, noting both Cox's apparent unwillingness to appear at an evidentiary hearing and the court's inability to issue a rule to show cause against Cox given the lack of a properly served subpoena, denied the continuance. On September 2, 2022, the trial court entered an order denying Williams's rule 3.850 motion. Williams timely

3

appealed this order, challenging only the trial court's denial of his motion for a continuance.

In order to obtain a continuance based on the non-appearance of a witness at an evidentiary hearing, the movant must establish: "(1) prior due diligence to obtain the witness's presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance caused material prejudice." Geralds v. State, 674 So. 2d 96, 99 (Fla. 1996). On this record, we conclude that the trial court did not abuse its discretion in denying a continuance because Williams failed to satisfy the first and third prongs of Geralds. We, therefore, affirm the challenged order.

Affirmed.